1 | **William M. Fitzgerald, Esq.**
**LAW OFFICE OF WILLIAM M. FITZGERALD**
2 | 2nd Floor, Macaranas Building
P.O. Box 909
3 | Saipan, MP 96950
Telephone (670) 234-7241
4 | Facsimile (670) 234-7530

5 |

6 | **Bruce Berline, Esq.**
**Law Office of Bruce Berline**
2nd Floor, Macaranas Building
7 | P.O. Box 5682 CHRB
Garapan, Saipan, MP 96950
8 | Telephone:  (670) 233-3663
Facsimile: (670) 233-5262
9 |

10 | Attorneys for Plaintiff

11 |

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| KENNETH COUTURE, | ) | CV NO. 05-0024 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S  MOTION  FOR** |
| v. | ) | **CONTINUANCE  TO  CONDUCT** |
| | ) | **ADDITIONAL DISCOVERY PURSUANT** |
| AMERICAN  OVERSEAS  MARINE | ) | **TO FED.R.CIV.P 56(e)** |
| CORPORATION and GENERAL DYNAMICS | ) | |
| CORPORATION, | ) | Date:   February 29, 2007 |
| | ) | Time:  10:00 a.m. |
| Defendants. | ) | Judge: Munson |
| | ) | |

**COMES NOW** Plaintiff Kenneth Couture, by and through his counsel of record, William Fitzgerald and Bruce Berline, and hereby moves this Court, pursuant to Fed.R.Civ.P. 56(f), for a continuance in order to conduct discovery and other just orders.

In July of 2005, Plaintiff filed a complaint in this Court naming Defendants American Overseas Marine Corporation ("AMSEA") and General Dynamics Corporation ("Gen Dyn") (occasionally referred to collectively as "Defendants") as defendants liable for his injuries sustained on March 25, 2004 aboard the M/V 1st Lt. Jack Lummus.  *See* Plaintiff's Original Complaint; *See also* Declaration of Bruce Berline ("Berline Decl.") at 1.  Plaintiff has vigorously litigated this matter against AMSEA and Gen Dyn for nearly two years. *Id*. at 2.  Now, for the very first time ever, and on the eve of trial, Defendants AMSEA and Gen Dyn have filed a summary judgment claiming immunity from Plaintiff's lawsuit pursuant to the Public Vessel's Act  ("PVA") and the Suit in Admiralty Act ("SIAA").  *Id*.

In support of the summary judgment motion, the Defendants have filed a Declaration given by Thom Merrell, the Vice President of AMSEA.  *See* Declaration of Thom Merrell in Support of Defendants' Motion for Summary Judgment.    Defendants have also produced a 145 plus page Time Charter for the Vessel, a nearly 3 inch thick MSC Standard Operating Procedure Manual, and 74 plus page Bareboat Charter.  See exhibits C, D and B attached to the Merrell Declaration.

Defendants make these claims despite never once broaching the subject with this Court or the Plaintiff in nearly two years while having ample opportunity to do so.  Berline Decl. at 2.  Moreover, Defendants' disclosure, via a summary judgment motion, is made after the statute of limitations have run on the PVA and the SIAA and after Plaintiff's counsel has traveled to New Jersey, Hawaii and other places to complete depositions of Defendants' witnesses - witnesses that possess relevant information regarding Defendants' claims.  *Id*.

To begin with, Defendants filed their answer on August 29, 2005.  *See* Defendants' Answer to Complaint attached as Exhibit D to the Berline Decl. The Defendants failed to cite to the PVA,  the SIAA or even mention the United States Government in their answer.  *Id.*  In fact under the "Defenses" section of the answer, Defendants specifically state that they intend to rely upon the defenses of waiver estoppel, unclean hands, statute of limitations and assumption of the risk.  Defendants also claimed that Plaintiff was barred from maintaining an action against his employer and the vessel because he was not a Jones Act Seaman and that the vessel was seaworthy.  *Id*. at 4-5.  Defendants did assert that Plaintiff's damages were caused solely by the negligence of third person and circumstances of that his injuries were caused by third persons over whom Defendants had no control.  *Id*. at 5.   However, as shown below,

the Defendants denied such defenses were available to them in their responses to Plaintiff's interrogatories.

On August 29, 2005, this Court issued an Order Re: Case Management Conference. Berline Decl. at 2. That August 29th Order stated, in pertinent part that each of the parties' attorneys "shall be present at the Case Management Conference, prepared to discuss with the Judge of this Court the subjects hereinbelow outlined." *See* Order Re: Case Management Conference, dated August 29, 2005. Section (j) of that Order states "Any other matter which may be conducive to the just and efficient and economical determination of the proceedings . .." *Id.* The Case Management Conference was held on September 20, 2005. Berline Decl. at 2. Defendants never brought up the issue that they were not the proper defendants. *Id.* Moreover, neither the PVA nor the SIAA was ever mentioned or discussed at that conference. *Id.* Certainly, a claim that the United States is the only proper defendant and not AMSEA or Gen Dyn is something that "may be conducive to the just and efficient and economical determination of the proceedings."

On October 11, 2005, Defendants filed their Initial Disclosures as required by this Court's local rules and Rule 26(a) of the Federal Rules of Civil Procedure. *See* Exhibit A attached to the Berline Decl. Rule 26(a) requires mandatory disclosure of a number of things by a party to a lawsuit, one being the names of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses." AMSEA and Gen Dyn never listed Thom Merrell as such a person who would have such information. *See* Exhibit A; *See also* Berline Decl. at 2. In fact this is the first time Plaintiff's counsel has ever heard of Mr. Merrell. Berline Decl. at 2. The only individuals listed in the Defendants' Initial Disclosures are Captain Hagner, Chief Mate Dan Reed, 2nd A/E William Arnost, 1st A/E Charly Smith, Chief Mate Peter Kirk, MSO Karl Englehart and Donald Farmer. *See* Exhibit A. The Defendants did not list Mr. Merrell nor did they list any individual representing the United States. *Id.*

Rule 26(a) also requires the disclosure of documents "in the possession , custody or control of the party and that the disclosing party may use to support its claims or defenses." Fed.R.Civ.P 26(a). The Defendants' Initial Disclosures failed to list or produce the 145 plus page Time Charter for the Vessel, a nearly 3 inch thick MSC Standard Operating Procedure Manual, or the 74 plus page Bareboat

Charter that they now use to support their summary judgment motion. *See* Exhibit A; Berline Decl. at 3. In fact, this is the first time Defendants' have ever referenced such documents in this matter. And certainly, this is the first time Plaintiff has ever seen such documents. *Id.*

On January 11, 2007, Plaintiff served his First Set of Request for Production of Documents and Things upon Defendants' counsel. *See* Berline Decl. at 3. Among other requests for documents contained in Plaintiff's request, was the following three requests:

> 27.    Any and all Documents upon which You intend to rely in support of Your claims and/or defenses in the above-captioned matter, and not otherwise produced in response to these Requests for Production.
>
> 29.    Any and all Documents Defendants' intend to introduce into evidence at trial
>
> 30.    Any and all Documents Defendants are relying on to defend this matter at trial.

Defendants chose to object to these requests instead of producing any documents such as the documents they now use for their summary judgment motion. See Exhibit B attached to the Berline Decl.

On December 20, 2005, Plaintiff served his First Set of Requests for Interrogatories on Defendants' counsel. Berline Decl. at *3*. Plaintiff asked the following questions among others, among other interrogatories contained in that document where the following:

> 9.    State each and every fact which supports Your contention that Plaintiff's injuries were either caused or contributed to by third persons over whom Defendants have no control or right of control, thus barring this action against Defendants as set forth in Your answer on page 5.
>
> 10.    State each and every fact which supports Your contention that Plaintiff's damages were caused solely by the negligent superceding acts of . . . other persons and circumstances over which Defendant had no control or right of control as set forth in Your answer on page 5.
>
> 11.    State each and every fact which supports Your contention that Defendants have a defense based on the doctrine of waiver.
>
> 12.    State each and every fact which supports Your contention that Defendants have a defense based on the doctrine of estoppel.

1

2

13.     State each and every fact which supports Your contention that Defendants have a defense based on the doctrine of unclean hands.

3

14.     State each and every fact which supports Your contention that Defendants have a defense based on the statute of limitations.

4

5

6

16.     Describe any and all administrative remedies which you contend Plaintiff should have exhausted in this matter.

7

8

17.     State each and every fact which supports Your contention that Plaintiff has failed to exhaust administrative remedies.

9

10

11

12

13

*See* Exhibit C attached to the Berline Decl.   The Defendants' answer to each of these questions was the same - "At this time, none," or, as to the answer to interrogatory no. 10 - "[w]ith regard to acts attributable to other persons, none at this time." *Id*.  These interrogatories were posed to Defendants to insure that Plaintiff was suing the right entities and to explore the Defendants' defenses listed in their answer to the complaint.  *See* Exhibit "D" -Defendants' Answer to Complaint, pages 4-5.

14

15

16

17

18

After nearly two years of litigation, Defendants have never mentioned, much less produced, any of the evidence that now supports their summary judgment, nor have they ever disclosed their position that the PVA and/or the SIAA apply.  Berline Decl. at 3.  In fact, as shown above the Defendants have actively denied the existence of such evidence or that the United States is the responsible party until now.  Accordingly, in pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, Plaintiff requests a continuance to conduct discovery in order to respond to the Defendant's allegations.

19

20

21

22

23

24

If a party meets its initial burden of showing no genuine issue of material fact, then the opposing party must establish the existence of a material fact or explain why such the opposing party is unable to do so under Rule 56(f).  *See* 10B *Charles A. Wright et al., Federal Practice and Procedure* § 2741,(1983); *See also Garret v. City and County of San Francisco*, 818 F.2d 1515, 1518 ("When a party opposing a motion for summary judgment cannot present 'facts essential to justify his opposition' to the motion, Rule 56(f) permits the party to submit an affidavit stating such reasons.")(citations omitted)

25

26

To prevail under Rule 56(f), one must demonstrate to the court through an affidavit "the particular facts expected from the movant's discovery and [specify] how those facts would preclude

27

28

Page 5 of  8

1  summary judgment." *In Re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 989 (9th Cir.

2  1999)(internal quotations and citations omitted).  "The denial of a Rule 56(f) application is generally

3  disfavored where the party opposing summary judgment makes (a) a timely application which (b)

4  specifically identifies (c) relevant information, (d) where there is some basis for believing that the

5  information sought actually exists.  *VISA Intern. Service Ass'n v. Bankcard Holders of America*, 784

   F.2d 1472, 1475 (9TH Cir. 1986).

6       Here, the application is timely, it is submitted to this Court contemporaneously with Plaintiff's

7  opposition to the Defendants' summary judgment motion.  As for the element of relevant information,

8  Plaintiff is requesting discovery on the issues pertinent to the opposing Defendants' motion for summary

9  judgment which Defendant has withheld for nearly two years.   Additionally, because Defendants'

10 actions have severely prejudiced Plaintiff, he must conduct discovery to establish whether he is able to

11 relate back any claims he may have to bring against the United States in order to amend his complaint.

12      Again, this is the first time Defendants have ever raised the issue that the PVA and SIAA apply.

13 Clearly, as set forth in Plaintiff's opposition, the PVA does not apply here.  The PVA only applies to

14 "public vessels" or vessels owned by or bareboat chartered to, the United States.  Defendants admit in

   their memorandum that the Lummus was not owned nor bareboat chartered to the United States at the

15 time of Plaintiff's injury.  *See Defendants' Memorandum of Points and Authorities*, page 9.  However,

16 Defendants, now refer to the Lummus as the "USNS Lummus." *Id*. at 1.

17      The USNS designation (United States Naval Ships) implies the United States owns the Lummus.

18 Prior to the Defendants' summary judgment, the Lummus was always referred to as the "M/V" Lummus

19 (Motor Vessel).  Defendants, in response to Plaintiff's requests for admissions, admitted that General

20 Dynamics owned the Lummus.  *See* Exhibit E attached to the Berline Decl.  Neither the Captain of the

   Lummus, David Hagner, nor the Chief Mate, Peter Kirk, ever referred to the vessel as the USNS

21 Lummus during their depositions.  Berline Decl. at 4.  In fact, during Captain Hagner's October 26,

22 2006 deposition, he was asked if he was the Captain of the M/V 1st Lt. Jack Lummus at the time of the

23 accident.  He stated that he was and made a point to state the correct pronunciation of the word

24 "Lummus." *See* Exhibit F attached to the Berline Decl.   Accordingly, if this Court deems that the

25 Defendants' use of the USNS designation is relevant, than Plaintiff requests to take discovery regarding

26

27

28                                  Page 6 of  8

1    the Defendants' recent usage of this designation.

2         This discovery would consist of interrogatories to AMSEA and Gen Dyn asking them to explain

3    the use of this term and depositions of AMSEA and/or Gen Dyn company officials - such as Thom

4    Merrell.  There must be a some reason why the Defendants have just now started referring to the M/V

5    Lummus as the USNS Lummus - Plaintiff is entitled to learn of this reason and refute any implication

     that the Lummus was owned by the United States.  Berline Decl. at 4.

6         As for the applicability of the SIAA to the Lummus, one of the key elements to SIAA application

7    is who has operational control of a time-chartered vessel.  *See* Defendants' Memorandum of Points and

8    Authorities, page 10; *Alexander v. United States*, 63 F.3d 820 (9th Cir. 1995).  Obviously, a key witness

9    is Thom Merrell, the affiant whose affidavit is used to support Defendants' summary judgment motion.

10   Other people who should have information on the day to day operational control of the Lummus are,

11   among others presently unknown:  (1) Captain Hagner; (2) Chief Mate Peter Kirk and (3)Tammy

12   Ducharme.  Plaintiff's have already taken the depositions of these three people, but it will be necessary

13   to take their depositions again. Berline Decl. at 4.

14        Additionally, should United States be held to be the sole party liable to Plaintiff, he will need to

15   amend his complaint.  Because the SIAA has a two year statute of limitations, the Plaintiff will have to

16   relate his claim back to the original complaint in order to avoid the statute of limitations.  *See* Fed. R.

17   Civ.Pro. 15(c).  To do this, Plaintiff will have to show that the United States had timely notice of the

     lawsuit.  *Id*.; Berline Decl. at 5.

18        The time charter for the Lummus appears to contain a clause that requires prompt notice be given

19   to the United States of any action, suit or proceeding that filed against the Defendants.  *See* Exhibit C

20   attached to the Declaration of Thom Merrell in Support of Defendants' Motion for Summary Judgment,

21   Article 10, Section "m." Accordingly, Plaintiff should be entitled to depose Defendants' attorneys,

22   including Mr. Ledger, in order to establish if and when the United States received notice of Plaintiff's

23   lawsuit.  Berline Decl. at 5.

                                              CONCLUSION

24        For the above reasons, Plaintiff asks this Court to deny or stay Defendants' summary judgment

25   and allow Plaintiff to conduct additional discovery in order to justify Plaintiff's opposition or make other

26

27                                            Page 7 of  8

28

1  such orders as is just.  Additionally, Plaintiff request that Defendants be required to pay reasonable

2  attorney's fees and costs associated with such additional discovery.

3

4

       Dated this 1st day of March, 2007

5

6

7
                                                    _____//S//_____
8                                                   BRUCE BERLINE
                                                    WILLIAM M. FITZGERALD
9                                                   Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                 Page 8 of  8
28