**William M. Fitzgerald, Esq.**
**LAW OFFICE OF WILLIAM M. FITZGERALD**
2nd Floor, Macaranas Building
P.O. Box 909
Saipan, MP 96950
Telephone (670) 234-7241
Facsimile (670) 234-7530


**Bruce Berline, Esq.**
**Law Office of Bruce Berline**
2nd Floor, Macaranas Building
P.O. Box 5682 CHRB
Garapan, Saipan, MP 96950
Telephone:  (670) 233-3663
Facsimile: (670) 233-5262

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KENNETH COUTURE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN OVERSEAS MARINE CORPORATION and GENERAL DYNAMICS CORPORATION,<br><br>Defendants. | CV NO. 05-0024<br><br>**DECLARATION OF BRUCE BERLINE IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTINUANCE TO CONDUCT ADDITIONAL DISCOVERY PURSUANT TO FED.R.CIV.P 56(e)**<br><br>Date:   February 29, 2007<br>Time:   10:00 a.m.<br>Judge: Munson |

I, Bruce Berline, do hereby state and declare the following:

1. I am an attorney for Plaintiff

2. In July of 2005, Plaintiff filed a complaint in this Court naming Defendants American Overseas Marine Corporation ("AMSEA") and General Dynamics Corporation ("Gen Dyn") as defendants liable for his injuries sustained on March 25, 2004 aboard the M/V 1st Lt. Jack Lummus.

3. Plaintiff has vigorously litigated this matter against AMSEA and Gen Dyn for nearly two years.

4. Now, for the very first time ever, and on the eve of trial, Defendants AMSEA and Gen Dyn have filed a summary judgment claiming immunity from Plaintiff's lawsuit pursuant to the Public Vessel's Act ("PVA") and the Suit in Admiralty Act ("SIAA").

5. In support of the summary judgment motion, the Defendants have filed a Declaration given by Thom Merrell, the Vice President of AMSEA.

6. Moreover, Defendants have also produced, for the very first time, a 145 plus page Time Charter for the Vessel, a nearly 3 inch thick MSC Standard Operating Procedure Manual, and 74 plus page Bareboat Charter.

7. Defendants make these claims despite never once broaching the subject with this Court or the Plaintiff in nearly two years while having ample opportunity to do so.

8. Moreover, Defendants' disclosure, via a summary judgment motion, is made after the statute of limitations have run on the PVA and the SIAA and after Plaintiff's counsel has traveled to New Jersey, Hawaii and other places to complete depositions of Defendants' witnesses - witnesses that possess relevant information regarding Defendants' claims.

9. Defendants filed their answer on August 29, 2005. The Defendants failed to cite to the PVA, the SIAA or even mention the United States Government in their answer.

10. At the Case Management Conference, held on September 20, 2005, Defendants never brought up the issue that they were not the proper defendants. Moreover, neither the PVA nor the SIAA was ever mentioned or discussed at that conference.

11. On October 11, 2005, Defendants filed their Initial Disclosures as required by this Court's local rules and Rule 26(a) of the Federal Rules of Civil Procedure.

12. At true and accurate copy of the Initial Disclosure (without the attached irrelevant documents) is attached hereto as Exhibit "A."

13. AMSEA and Gen Dyn never listed Thom Merrell in their Initial Disclosures as such a person who would have such information. In fact this is the first time Plaintiff's counsel has ever heard of Mr. Merrell.

14. The only individuals listed in the Defendants' Initial Disclosures are Captain Hagner, Chief Mate Dan Reed, 2nd A/E William Arnost, 1st A/E Charly Smith, Chief Mate Peter Kirk, MSO Karl Englehart and Donald Farmer. This is the first time Plaintiff's counsel has ever heard of Mr. Merrell.

15. The Defendants did not list Mr. Merrell nor did they list any individual representing the United States.

16. The Defendants' Initial Disclosures failed to list or produce the 145 plus page Time Charter for the Vessel, a nearly 3 inch thick MSC Standard Operating Procedure Manual, or the 74 plus page Bareboat Charter that they now use to support their summary judgment motion. In fact, this is the first time Defendants' have ever referenced such documents in this matter. And certainly, this is the first time Plaintiff has ever seen such documents.

17. On January 11, 2007, Plaintiff served his First Set of Request for Production of Documents and Things upon Defendants' counsel.

18. Attached as Exhibit B is a true and correct copy of Defendants' Response to Plaintiff's First Set of Requests for Production of Documents and Things.

19. Exhibit B accurately quotes Plaintiff's original interrogatories.

20. On December 20, 2005, Plaintiff served his First Set of Requests for Interrogatories on Defendants' counsel.

21. Attached as Exhibit C is a true and correct copy of Defendants' Response to Plaintiff's First Set of Requests for Interrogatories.

22. Exhibit C accurately quotes Plaintiff's original requests.

23. Attached as Exhibit D is a true and correct copy of Defendants' Answer to the Complaint.

24. After nearly two years of litigation, Defendants have never mentioned, much less produced, any of the evidence that now supports their summary judgment, nor have they ever disclosed their position that the PVA and/or the SIAA apply.

25. Plaintiff is requesting discovery on the issues pertinent to the opposing Defendants' motion for summary judgment which Defendant has withheld for nearly two years. Additionally, because Defendants' actions have severely prejudiced Plaintiff, he must conduct discovery to establish whether he is able to relate back any claims he may have to bring against the United States in order to

amend his complaint.

26. Again, this is the first time Defendants have ever raised the issue that the PVA and SIAA apply.

27. Defendants now, for the first time refer to the M/V Lummus as the USNS Lummus.

28. Prior to the Defendants' summary judgment, the Lummus was always designated as the "M/V" 1st Lt. Jack Lummus (Motor Vessel).

29. Attached as Exhibit E is a true and correct copy of Defendants' Supplemental Response to Plaintiff's Second Set of Requests for Admissions.

30. Exhibit E accurately quotes Plaintiff's original requests for admissions.

31. The undersigned was present at the depositions of Captain David Hagner and Chief Mate Kirk.

32. Attached as Exhibit F is a true and correct copy of the pertinent deposition testimony of David Hagner, captain of the Lummus taken on October 26, 2006.

33. Chief Mate never referred to the Lummus as a "USNS" vessel in his deposition.

34. Plaintiff is entitled to investigate why the Defendants are suddenly using the USNS designation because it implies ownership by the United States.

35. Ownership by the United States is relevant to the application of the PVA and SIAA.

36. Discovery regarding this issue would consist of interrogatories to AMSEA and Gen Dyn asking them to explain the use of this term and depositions of AMSEA and/or Gen Dyn company officials - such as Thom Merrell.

37. As for the applicability of the SIAA to the Lummus, the exhibits produced for the first time by Defendants are obviously not timely.

38. Plaintiff should be allowed additional discovery to determine if exhibits support Defendants' claim that the SIAA applies to this case.

39. Plaintiff should be allowed to depose Thom Merrell, Captain Hagner, Chief Mate Peter Kirk, and Tammy Ducharme, along with any other AMSEA or Gen Dyn company officials who have such knowledge, in order to disprove that the United States had operational control over the Lummus - a key element to SIAA applicability.

40. Because Defendants have waited until the statute of limitations for the PVA and SIAA has passed to make these allegations, Plaintiff may need to amend his complaint.

41. To amend the complaint, Plaintiff needs to show that the United States had timely notice of the lawsuit.

42. Plaintiff should be entitled to depose entitled to depose Defendants' attorneys, including Mr. Ledger, among other pertinent representatives for the United States, in order to establish if and when the United States received notice of Plaintiff's lawsuit.

I, Bruce Berline, declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 1, 2007 on Saipan, Commonwealth of the Northern Mariana Islands.

_____//S//_____
BRUCE BERLINE