1  CARLSMITH BALL LLP

2  DAVID LEDGER (CNMI Bar No. F0195)
Carlsmith Ball LLP Building
3  Capitol Hill
Post Office Box 5241
4  Saipan, MP 96950-5241
Tel No. 670.322.3455
5
Attorneys for Defendants
6  American Overseas Marine Corporation
and General Dynamics Corporation
7

8              UNITED STATES DISTRICT COURT

9                        FOR THE

10              NORTHERN MARIANA ISLANDS

11  KENNETH COUTURE,                CIVIL ACTION NO. CV05-0024

12           Plaintiff,

13     vs.                          DEFENDANTS' RESPONSE TO
                                    PLAINTIFF'S FIRST SET OF
14                                  REQUEST FOR PRODUCTION OF
    AMERICAN OVERSEAS MARINE        DOCUMENTS AND THINGS;
15  CORPORATION and GENERAL         CERTIFICATE OF SERVICE
    DYNAMICS CORPORATION,
16
             Defendants.
17

18       Defendants' hereby respond to Plaintiff's First Set of Request for Production of

19  Documents and Things as follows:

20

21  **REQUEST FOR PRODUCTION NO. 1:** Any and all documents evidencing plans,

22  blueprints, drawings, notes, or specifications for the communication system which Plaintiff

23  Couture was modifying on the Vessel when he was injured.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Objection. Not reasonably

25  calculated to lead to the discovery of admissible evidence ongrounds that Defendants have not

26  disputed that, as part of this work, the 1st. Assistant Engineer instructed Plaintiff to obtain a steel

27  pipe from the pipe rack.

28

4813-9565-6448.1.053276-00011




RECEIVED JAN 1 9 2006

**REQUEST FOR PRODUCTION NO. 2:** Any and all documents evidencing or memorializing in any way, discussions had in any safety meeting wherein any pipe rack or pipe stored in pipe racks aboard the Vessel was mentioned or discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Defendant is unaware of any pre-incident documents which meet the request. Any post incident documents which do not speak to subsequent remedial measures will be produced; evidence of subsequent remedial measures are inadmissible under Rule 407.

**REQUEST FOR PRODUCTION NO. 3:** Any and all documents which evidence any person being injured by pipes stored on the Vessel in the last 8 years from the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Defendants object to this request on grounds it is overly broad as to time frame and scope. Subject to the objection, such documents, if any exist, will be screened for production.

**REQUEST FOR PRODUCTION NO. 4:** Any and all of Plaintiff Couture's payroll documents from January 1, 2004 to December 1, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** To the extent that this request seeks documents already turned over, it is redundant and thus objectionable. Moreover, to the extent wage loss and maintenance payments are not in issue, the request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, payment vouchers and related documents will be produced.

**REQUEST FOR PRODUCTION NO. 5:** Any and all photographs and/or video and/or film or digital pictures taken of the pipe rack and/or the surrounding area which was involved in the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Objection. Only post-incident pictures are known to exist, which are inadmissible under Rule 407. Such pictures are also protected by the attorney work-product doctrine. Thus, this request is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, on information and belief, Plaintiff has taken such pictures himself.

1 **REQUEST FOR PRODUCTION NO. 6:** Any and all documents evidencing any medical
2 treatment provided to Plaintiff Couture for any injury sustained in the incident.
3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Defendant will produce medical
4 records in its possession.
5 **REQUEST FOR PRODUCTION NO. 7:** Any and all medical records of Plaintiff Couture.
6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Defendant will produce medical
7 records in its possession.
8 **REQUEST FOR PRODUCTION NO. 8:** Any and all x-rays taken by the Vessel's Medical
9 Officer of Plaintiff Couture's hand that was injured in the Incident.
10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Defendant will produce such
11 medical records, if they exist.
12 **REQUEST FOR PRODUCTION NO. 9:** Any and all x-rays that were ordered to be taken by
13 the Vessel's Medical Officer of Plaintiff Couture's hand that was injured in the incident.
14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Defendant will produce such
15 medical records, if they exist.
16 **REQUEST FOR PRODUCTION NO. 10:** Any and all x-rays taken of Plaintiff Couture's
17 hand that was injured in incident that are not produced in requests 7 and 8.
18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Defendant will produce medical
19 records in its possession.
20 **REQUEST FOR PRODUCTION NO. 11:** Any and all documents evidencing the Vessel's
21 Medical Officer's medical training, qualification or credentials.
22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Discoverable documents
23 responsive to this request will be produced.
24 **REQUEST FOR PRODUCTION NO. 12:** Any and all documents evidencing any and all
25 medical payments paid by you for Plaintiff's injuries arising out of the incident.
26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** Objection. Since Plaintiff has
27 admitted that all his medical bills have been paid, has paid none out-of-pocket, and makes no
28 claim for medical expenses, this request seeks documents not reasonably calculated to lead to the

1  discovery of admissible evidence. Subject to the objection, medical records already produced, or
2  to be produced, may contain information regarding the amount paid.
3  **REQUEST FOR PRODUCTION NO. 13:** Any and all documents evidencing any
4  maintenance payments paid by you to Plaintiff which arise from the incident.
5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Objection. Since Plaintiff has
6  admitted he received the maintenance due him, and makes no claim for maintenance, the request
7  seeks documents not reasonably calculated to lead to discovery of admissible evidence. Subject
8  to the objection, responsive documents will be produced.
9  **REQUEST FOR PRODUCTION NO. 14:** Any and all documents evidencing any cure
10  payments paid by you arising from the incident.
11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** Objection. Since Plaintiff has
12  admitted that all his medical bills have been paid, has paid none out-of-pocket, and makes no
13  claim for medical expenses, this request seeks documents not reasonably calculated to lead to the
14  discovery of admissible evidence. Subject to the objection, medical records in Defendants'
15  possession will be produced.
16  **REQUEST FOR PRODUCTION NO. 15:** Any and all documents evidencing any safety
17  bulletins, safety procedures, or safety warnings, regarding any pipe rack located on the Vessel
18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Defendant is unaware of any
19  pre-incident documents which meet the request.  Evidence of subsequent remedial measures are
20  inadmissible under Rule 407. Thus, to this extent, objection is made on grounds that the request
21  seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Any
22  post incident documents which do not speak to subsequent remedial measure will be produced.
23  **REQUEST FOR PRODUCTION NO. 16:** Any and all documents evidencing any alterations
24  or modifications, or any other changes made to any and all pipe racks on the Vessel in the last 5
25  years from the date of this Request.
26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** Defendant is unaware of any
27  pre-incident documents which meet the request.  Evidence of subsequent remedial measures are
28  inadmissible under Rule 407. Thus, to this extent, objection is made on grounds that the request

1 seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Any
2 post incident documents which do not speak to subsequent remedial measure will be produced.
3 **REQUEST FOR PRODUCTION NO. 17**: Any and all documents evidencing any person
4 being injured by any pipe rack located on the Vessel or by the pipes stored in any pipe rack
5 located on the Vessel.
6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**: Objection is made on grounds
7 that the request is overly broad as to time frame and scope. If such documents exist for pipe
8 racks similar to the one in issue, said documents will be produced.
9 **REQUEST FOR PRODUCTION NO. 18**: Any and all documents which evidence any
10 documentation or the memorialization of any safety issues regarding any pipe rack on the Vessel
11 in the last five years from the date of this request.
12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**: Objection is made on grounds
13 that the request is overly broad as to time frame and scope. If such documents exist for pipe
14 racks similar to the one in issue, said documents will be produced.
15 **REQUEST FOR PRODUCTION NO. 19**: Any and all documents evidencing end of voyage
16 wages paid by you to Plaintiff which arise from the incident.
17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**: Objection is made on grounds
18 that the request is vague and ambiguous, that wage loss is not claimed and not in issue, and on
19 grounds that like materials showing wages paid information have been disclosed. Moreover,
20 Plaintiff has stated in his answers to interrogatories the amounts of wages he received in the time
21 frames surrounding the initial and subsequent injury to the finger on his right hand.
22 **REQUEST FOR PRODUCTION NO. 20**: Any and all documents contained in Plaintiff
23 Couture's employment file or record.
24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**: To the extent such documents
25 have not been provided in disclosures, they will be produced.
26 **REQUEST FOR PRODUCTION NO. 21**: Any and all documents evidencing any statements
27 from any person regarding the incident.
28 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**: All such documents have been

1 disclosed.

2 **REQUEST FOR PRODUCTION NO. 22:** Any and all documents evidencing any safety inspection conducted on the Vessel within the last five years, including without limitation, any type of risk or safety assessment or any other type of inspection, investigation, analysis and/or evaluation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Objection is made on grounds that the request is overly broad as to time frame and scope. To the extent that any such documents exist with regard to pipe racks similar to the one in issue, or with regard to the one in issue, and to the extent such documents do not speak to subsequent remedial measures, they will be produced.

**REQUEST FOR PRODUCTION NO. 23:** Any and all documents evidencing any safety diaries or logs or notebooks for the past eight years from the date of this document.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** Objection is made on grounds that the request is overly broad as to time frame and scope. To the extent that any such documents exist with regard to pipe racks similar to the one in issue, or with regard to the one in issue, and to the extent such documents do not speak to subsequent remedial measures, they will be produced.

**REQUEST FOR PRODUCTION NO. 24:** Any and all statements of any and all witnesses who have any knowledge of facts relating to the incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:** All such documents have been disclosed.

**REQUEST FOR PRODUCTION NO. 25:** Any and all documents received from any expert whom you have retained in this matter for the purpose of testifying evidencing facts known and/or opinions held by such expert.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:** At this time, none.

**REQUEST FOR PRODUCTION NO. 26:** Any and all documents evidencing any statements made by the Plaintiff relating to this incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:** All such documents have been

1  disclosed.

2  **REQUEST FOR PRODUCTION NO. 27:**  Any and all documents upon which you intend to
3  rely in support of your claims and/or defenses in the above-captioned matter, and not otherwise
4  produced in response to these Requests for Production.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**  Objection. Disclosure of such
6  documents, in response to the request as posed, is objectionable on grounds that producing such
7  documents would disclose attorney mental impressions.

8  **REQUEST FOR PRODUCTION NO. 28:**  Any and all documents which you used and/or
9  relied upon to answer the Plaintiff's First Set of Interrogatories and not otherwise produced in
10 Response to these Requests for Production.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**  Discoverable documents
12 responsive to this request will be produced.

13 **REQUEST FOR PRODUCTION NO. 29:**  Any and all documents Defendants' intend to
14 introduce into evidence at Trial.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**  Objection. Disclosure of such
16 documents, in response to the request as posed, is objectionable on grounds that producing such
17 documents would disclose attorney mental impressions. Furthermore, and without waiving the
18 objection, Defendants have not selected documents to be used as trial exhibits.

19 **REQUEST FOR PRODUCTION NO. 30:**  Any and all documents Defendants are relying on
20 to defend this matter at Trial.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**  Objection. Disclosure of such
22 documents, in response to the request as posed, is objectionable on grounds that producing such
23 documents would disclose attorney mental impressions. Furthermore, and without waiving the
24 objection, Defendants have not selected documents to use as trial exhibits or in defense of the
25 allegations.

26
27
28

1  DATED: January 19, 2006.

2  CARLSMITH BALL LLP

3  *(signature)*
   DAVID LEDGER
4  Attorneys for Defendants
   American Overseas Marine Corporation
5  and General Dynamics Corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4813-9565-6448.1.053276-00011                    8.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of January 2006, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** upon the following Counsels of record:

> William M. Fitzgerald, Esq.
> Law Office of William M. Fitzgerald
> 1st Floor, Macaranas Building
> Post Office Box 909
> Saipan, MP 96950

and

> Bruce Berline, Esq.
> Law Office of Bruce Berline
> 1st Floor, Macaranas Building
> Post Office Box 5682 CHRB
> Garapan, Saipan MP 96950

DATED: January 19, 2006.

_____
DAVID LEDGER

4813-9565-6448.1.053276-00011                           9.