COPY of
Original Filed
on this date

AUG 2 9 2005

Clerk
District Court
For The Northern Mariana Islands

1   CARLSMITH BALL LLP

2   DAVID LEDGER
    JOHN D. OSBORN
3   Carlsmith Ball LLP Building
    Capitol Hill
4   Post Office Box 5241
    Saipan, MP 96950-5241
5   Tel No. 670.322.3455

6   Attorneys for Defendants
    American Overseas Marine Corporation
7   and General Dynamics Corporation

8

9                UNITED STATES DISTRICT COURT

10                         FOR THE

11               NORTHERN MARIANA ISLANDS

12  KENNETH COUTURE,                    CIVIL ACTION NO. CV05-0024

13                Plaintiff,

14       vs.                            DEFENDANTS' ANSWER TO
                                        COMPLAINT AND DEMAND FOR
15  AMERICAN OVERSEAS MARINE            JURY TRIAL; CERTIFICATE OF
    CORPORATION and GENERAL             SERVICE
16  DYNAMICS CORPORATION,

17                Defendants.

18

19       1.    Defendants have insufficient knowledge to either admit or deny Plaintiff's

20  allegations that he resides and is domiciled on Saipan.

21       2.    Defendants acknowledge Section 33 of the Merchant Seaman's Act and general

22  maritime law but deny plaintiff is entitled to any recovery in this action.

23       3.    Defendant American Overseas Marine Corporation (AMSEA) admits only that it

24  is a lawfully existing entity, the ship-operating segment of General Dynamics Marine Systems,

25  and that the company operates and manages maritime prepositioning ships.

26
         4.    Defendant General Dynamics admits only that it is a lawfully existing entity and
27
    that its relationship to AMSEA is described above in paragraph 3.
28

4848-0096-7168.1.000901-00030

**EXHIBIT**
**D**

RECEIVED AUG 2 9 2005

5.      Defendants have no response to the "John Doe" allegations.

6.      Defendants have insufficient knowledge to either admit or deny the Court has personal jurisdiction over the Plaintiff.

7.      Defendant deny the allegations of paragraph 7.

8.      Defendants deny the allegations of paragraph 8.

9.      The Court's jurisdiction over this action is a matter of law.

10.     Defendants deny the allegations of paragraph 10.

11.     Defendants deny the allegations of paragraph 11.

12.     Defendants deny the allegations of paragraph 12.

13.     Defendants deny the allegations of paragraph 13.

14.     Defendants admit the allegations of paragraph 14, except with regard to the present location of the vessel.

15.     Defendants admit Plaintiff's status as a "QMED" on the vessel.

16.     Defendants admit that if plaintiff performed his duties properly, he contributed to the operation of the vessel.

17.     Defendants admit only that plaintiff sustained an injury while on board the vessel.

18.     Defendants admit only that the job plaintiff was assigned to do required installation of a pipe which was stored on board the vessel.

19.     Defendants admit only that the job plaintiff was assigned to do required installation of a pipe which was stored on board the vessel.

20.     Defendants admit only that the job plaintiff was assigned to do required installation of a pipe which was stored on board the vessel.

21.     Defendants deny the allegations of paragraph 21.

22.     Defendants deny the allegations of paragraph 22.

4848-0096-7168.1.000901-00030                                      2.

23.    Defendants deny the allegations of paragraph 23.

24.    Defendants deny the allegations of paragraph 24.

25.    Defendants admit the vessel's medical officer treated plaintiff for an injury, but deny the remaining allegations of paragraph 25.

26.    Defendants have insufficient knowledge to either admit or deny the allegations of paragraph 26.

27.    Defendants admit plaintiff received shore-side medical treatment but deny the remaining allegations of paragraph 27.

28.    Defendants admit plaintiff received shore-side medical treatment from Dr. Landstrom but are unable to admit or deny the remaining allegations of paragraph 28.

29.    Defendants admit plaintiff received shore-side medical treatment from Dr. Landstrom but are unable to admit or deny the remaining allegations of paragraph 29.

30.    Defendants admit plaintiff received shore-side medical treatment but are unable to admit or deny the remaining allegations of paragraph 30.

31.    Defendants admit plaintiff received shore-side medical treatment from Dr. Landstrom, returned to work, and subsequently sought additional medical treatment, but are unable to admit or deny the remaining allegations of paragraph 31.

32.    Defendants admit plaintiff received shore-side medical treatment from Dr. Landstrom but are unable to admit or deny the remaining allegations of paragraph 32.

33.    Defendants admit plaintiff received shore-side medical treatment but are unable to admit or deny the remaining allegations of paragraph 33.

34.    Defendants admit plaintiff received shore-side medical treatment for an injury to his finger, but deny the finger has been "rendered useless."

35.    Defendants deny the allegations of paragraph 35.

36.   Defendants incorporate by reference the answers to paragraphs 1-35.

37.   Defendants deny the allegations of paragraph 37.

38.   Defendants admit certain duties are owed to persons performing work on board the vessel and, with respect to plaintiff, deny any such duty was breached.

39.   Defendants admit certain duties are owed to persons performing work on board the vessel and, with respect to plaintiff, deny any such duty was breached.

40.   Defendants admit certain duties are owed to persons performing work on board the vessel and, with respect to plaintiff, deny any such duty was breached.

41.   Defendants admit certain duties are owed to persons performing work on board the vessel and, with respect to plaintiff, deny any such duty was breached.

42.   Defendants deny the allegations of paragraph 42.

43.   Defendants deny the allegations of paragraph 43.

44.   Defendants deny the allegations of paragraph 44.

45.   Defendants deny the allegations of paragraph 45.

46.   Defendants deny the allegations of paragraph 46.

47.   Defendants incorporate by reference the answers to paragraphs 1-46.

48.   Defendants deny the allegations of paragraph 48.

49.   Defendants deny the allegations of paragraph 49.

<u>DEFENSES</u>

1.   The complaint fails to state a claim upon which relief may be granted.

2.   Plaintiff is barred from maintaining this action against his employer and the vessel because he was not a Jones Act seaman at the time of the alleged incident.

3.   Plaintiffs injuries were either caused or contributed to by Plaintiffs own negligence and comparative fault thus barring or reducing Plaintiff's claims and damages

4848-0096-7168.1.000901-00030                  4.

accordingly.

4.      Plaintiffs injuries were either caused or contributed to by third persons over whom Defendants have no control or right of control, thus barring this action against Defendants.

5.      Plaintiffs damages, if any, were caused by solely by the negligent superseding acts of the Plaintiff and/or other persons and circumstances over which Defendant had no control or right of control.

6.      Plaintiff has failed to mitigate his alleged damages and has failed to take reasonable steps to avoid the consequences of his alleged injury.

7.      Defendants intend to rely upon the defenses of waiver, estoppel, unclean hands, statute of limitations and assumption of risk.

8.      Plaintiff has failed to exhaust administrative remedies.

9.      The vessel was seaworthy at all times

10.     Defendants further defenses include all those allowed by federal and local statutes and applicable common law, which may become apparent as discovery is conducted.

WHEREFORE, Defendants request the Court to dismiss the action, award attorneys' fees and costs of defense to Defendants, and grant Defendants additional relief as may be appropriate in the circumstances.

DATED: Capitol Hill, Saipan, August 29, 2005.

CARLSMITH BALL LLP

_David Ledger (signature)_

DAVID LEDGER
JOHN D. OSBORN
Attorneys for Defendants
American Overseas Marine Corporation
and General Dynamics Corporation

1

## CERTIFICATE OF SERVICE

2    The undersigned hereby certifies that on the 29th day of August 2005, I will cause to be

3    served, via hand delivery, a true and correct copy of **DEFENDANTS' ANSWER TO**

4    **COMPLAINT and DEMAND FOR JURY TRIAL** upon the following Counsels of record:

5

6            William M. Fitzgerald, Esq.
            Law Office of William M. Fitzgerald
            1st Floor, Macaranas Building
7            Post Office Box 909
            Saipan, MP 96950
8

9    and

            Bruce Berline, Esq.
10            Law Office of Bruce Berline
            1st Floor, Macaranas Building
11            Post Office Box 5682 CHRB
            Garapan, Saipan MP 96950
12

13        DATED: Capitol Hill, Saipan, August 29, 2005.

14

15                                            _____
                                            JOHN D. OSBORN
16

17

18

19

20

21

22

23

24

25

26

27

28

4848-0096-7168.1.000901-00030                          6.