CARLSMITH BALL LLP

DAVID LEDGER (CNMI BAR NO. F0195)
Carlsmith Ball LLP Building
Capitol Hill
Post Office Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
American Overseas Marine Corporation

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KENNETH COUTURE,<br><br>        Plaintiff,<br><br>    vs.<br><br>AMERICAN OVERSEAS MARINE<br>CORPORATION and GENERAL<br>DYNAMICS CORPORATION,<br><br>        Defendants. | CIVIL CASE NO. CV05-0024<br><br>DEFENDANTS' *SUPPLEMENTAL* RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS; CERTIFICATE OF SERVICE |

Defendants respond to Plaintiff Kenneth Couture's Second Request for Admissions as follows:

### GENERAL OBJECTIONS

1.      Defendants object to any request for admission that seeks disclosure of privileged information not subject to discovery, including but not limited to, information protected by the attorney-client privilege and/or the work-product doctrine, including information prepared in anticipation of litigation or trial preparation materials and/or experts' materials.    Such





4816-7938-1505.1.053276-00011

information will not be disclosed and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information.

2.    Defendants object to the requests to the extent that they seek information protected by state or federal law. Such information will not be disclosed and any inadvertent disclosure shall not be deemed a waiver of any rights with respect to such information.

3.    Defendants object to the requests for admissions to the extent that they request information that is not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendants object to the requests for admissions to the extent that they are unreasonably burdensome, oppressive or vexatious, in that the information requested would be of little or no relevance to the issues in this action and/or would place an unreasonable and oppressive burden on Defendants in expenditure of time and money to answer.

5.    Defendants object to the requests for admissions to the extent that they are vague, ambiguous, uncertain and/or unintelligible such that Defendants cannot determine the nature of the information sought, and to which Defendants are therefore unable to respond.

6.    Defendants object to the requests for admissions to the extent that they request information that is as easily available to the plaintiff as it is to Defendants, or has already been provided.

7.    Defendants objects to each request for admission to the extent it is unreasonably cumulative, duplicative and/or the information sought is obtainable from some other source that is more convenient, less burdensome or less expensive.

8.    Defendants object to the requests for admissions to the extent that they cannot be admitted or denied without qualification.

9.    Defendants object to the requests on the grounds they were served after the deadline to serve fact discovery.

10.    Defendants' discovery and investigation is not yet complete, and the responses set forth herein do not preclude the further discovery and development of evidence nor the presentation thereof at trial.    Defendants also reserve their right to supplement responses according to the applicable law and rules.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**    Admit that at all times relevant to Plaintiff Kenneth Couture's Complaint and for purposes of this action, Donald Blake Farmer was employed by AMSEA.

**Response to Request for Admission No. 1:**    Defendants admit that when Mr. Couture sustained the injury at issue in this action Donald Blake Farmer (Mr. Farmer) was employed by AMSEA as a 1st. Assistant Engineer on board the vessel.

**REQUEST FOR ADMISSION NO. 2:**    Admit that at all times relevant to Plaintiff Kenneth Couture's Complaint and for purposes of this action, Donald Blake Farmer was employed by AMSEA as a First Assistant Engineer.

**Response to Request for Admission No. 2:**    See response to #1 above.

**REQUEST FOR ADMISSION NO. 3:**    Admit that at all times relevant to Plaintiff Kenneth Couture's Complaint and for purposes of this action, Donald Blake Farmer, as a First Assistant Engineer, was Plaintiff Kenneth Couture's supervisor.

**Response to Request for Admission No. 3:**    Defendants admit that as 1st. Assistant Engineer, Mr. Farmer was one of the vessel's engineering department officers having authority over Mr. Couture, a QMED in the engine department. This would include authority to assign work to Couture either directly or by way of assigning jobs to a subordinate Assistant Engineer, who would in turn instruct Couture to do the particular work.

**REQUEST FOR ADMISSION NO. 4:**   Admit that at all times relevant to Plaintiff Kenneth Couture's Complaint and for purposes of this action, Donald Blake Farmer, as a  First Assistant Engineer, as Plaintiff Kenneth Couture's supervisor, had the authority to issue orders to Plaintiff Kenneth Couture.

**Response to Request for Admission No. 4:**   Defendants admit that at the time of the injury at issue in this action, Mr. Farmer had authority to issue lawful orders to Plaintiff Couture.

**REQUEST FOR ADMISSION NO. 5:**   Admit that, all times relevant to Plaintiff Kenneth Couture's Complaint and for purposes of this action, Plaintiff Kenneth Couture was under a duty to obey valid orders issued by First Assistant Engineer Donald Blake Farmer.

**Response to Request for Admission No. 5:**  Defendants admit that at the time of the injury at issue in this action, Plaintiff Couture was obligated to obey lawful orders from Mr. Farmer.

**REQUEST FOR ADMISSION NO. 6:**   Admit that Exhibit "C" attached hereto is a true and accurate depiction of a pipe rack which was on board the Vessel on March 25, 2004.

**Response to Request for Admission No. 6:**   Exhibit C is incomplete in that it shows a date of "May 19, 200_". Moreover, Defendants have no knowledge of the identity of the photographer, or whether the photograph was taken on board the JACK LUMMUS or another similarly configured vessel operated by Defendants. Thus, Defendants are unable to either admit or deny. Defendants admit only that the general configuration of the pipe rack shown in Exh. C, that is, horizontal racks with vertical keeper bars, depicts generally a pipe rack which was on board the JACK LUMMUS on March 25, 2004.

**REQUEST FOR ADMISSION NO. 7:**   Admit that Exhibit "C" is a true and accurate depiction of the pipe rack that held the pipe which fell on Plaintiff's finger on March 25, 2004.

**Response to Request for Admission No. 7:**  Exhibit C is incomplete in that it shows a

4816-7938-1505.1.053276-00011

4.

date of "May 19, 200_". Moreover, Defendants have no knowledge of the identity of the photographer, or whether the photograph was taken on board the JACK LUMMUS or another similarly configured vessel operated by Defendants. Thus, Defendants are unable to either admit or deny. Defendants admit only that the general configuration of the pipe rack shown in Exh. C, that is, horizontal racks with vertical keeper bars, depicts generally a pipe rack which was on board the JACK LUMMUS on March 25, 2004.

**REQUEST FOR ADMISSION NO. 8:** Admit that on March 25, 2004, Donald Blake Farmer, as Plaintiff Kenneth Couture's supervisor, ordered Plaintiff Kenneth Couture to cut a section of pipe from a length of pipe stored on board the Vessel.

**Response to Request for Admission No. 8:** Defendants lack sufficient knowledge to be able to admit or deny whether or not Mr. Farmer gave such an order.

**REQUEST FOR ADMISSION NO. 9:** Admit that on March 25, 2004, Donald Blake Farmer, as Plaintiff Kenneth Couture's supervisor, ordered Plaintiff Kenneth Couture to cut a 6 foot section of pipe from a 20 foot length of pipe stored on board the Vessel.

**Response to Request for Admission No. 9:** Defendants lack sufficient knowledge to be able to admit or deny whether or not Mr. Farmer gave such an order.

**REQUEST FOR ADMISSION NO. 10:** Admit that on March 25, 2004, the order that Donald Blake Farmer gave to Plaintiff Kenneth Couture regarding the cutting of a section of pipe from a length of pipe stored on board the Vessel was a valid order.

**Response to Request for Admission No. 10:** Defendants lack sufficient knowledge to be able to admit or deny whether or not Mr. Farmer gave such an order. Defendants admit that if Mr. Farmer ordered Couture, either directly or indirectly through a subordinate Assistant Engineer, to cut a section of pipe from a length of pipe stored on board, it would have been a lawful order.

**REQUEST FOR ADMISSION NO. 11:**    Admit that the length of pipe that Donald Blake Farmer ordered Plaintiff Kenneth Couture to cut on March 25, 2004 was stored in one of the racks depicted in Exhibit "C."

**Response to Request for Admission No. 11:** Defendants lack sufficient knowledge to be able to admit or deny whether or not Mr. Farmer gave such an order. Exhibit C is incomplete in that it shows a date of "May 19, 200_". Moreover, Defendants have no knowledge of the identity of the photographer, or whether the photograph was taken on board the JACK LUMMUS or another similarly configured vessel operated by Defendants. Thus, Defendants are unable to either admit or deny that the pipe which struck Couture on his finger was stored in one of the racks depicted in Exh. C. Defendants admit only that the general configuration of the pipe rack shown in Exh. C, that is, horizontal racks with vertical keeper bars, depicts generally a pipe rack which as on board the JACK LUMMUS on March 25, 2004. Defendants admit that the pipe which struck Couture on the finger was stored on a rack configured generally like the one depicted in Exh. C

**REQUEST FOR ADMISSION NO. 12:**    Admit that on March 25, 2004, when Donald Blake Farmer, as Plaintiff Kenneth Couture's supervisor, ordered Plaintiff Kenneth Couture to cut a 6 foot section of pipe from a 20 foot length of pipe, Donald Blake Farmer knew that the pipe that needed to be cut was stored on board the Vessel in the rack depicted in Exhibit "C."

**Response to Request for Admission No. 12:**    Defendants lack sufficient knowledge to be able to admit or deny whether or not Mr. Farmer gave such an order. Defendants are unable to admit or deny what Mr. Farmer may have known about pipes stored on board the vessel on March 25, 2004.

**REQUEST FOR ADMISSION NO. 13:**    Admit that when Donald Blake Farmer ordered Plaintiff Kenneth Couture to cut a section of pipe from a length of pipe stored on board the

Vessel, Donald Blake Farmer did not order anyone else to assist, aid or help Plaintiff Kenneth Couture cut such pipe.

**Response to Request for Admission No. 13:**   Defendants lack sufficient knowledge to be able to admit or deny whether or not (1) Mr. Farmer gave such an order to Couture or (2) if he did whether or not he ordered anyone to help.

**REQUEST FOR ADMISSION NO. 14:**   Admit that the Medical Records were copied from the Master File.

**Response to Request for Admission No. 14:**   Since the term "Medical Records" means the medical records Defendants Bate- stamped and produced in discovery, Defendants admit that the Medical Records were copied from either the Master File, or from copies of certain pages from the Master File.   In other words, the medical records Defendants produced in discovery could be either copies of original Master File records or copies of copies.

**REQUEST FOR ADMISSION NO. 15:**   Admit that AMSEA never possessed any originals or copies of the Amended Medical Records until, or subsequent to, May 26, 2006.

**Response to Request for Admission No. 15:**   Admit the Amended Medical Records were first made known to Defendants when Carl Inglehart showed them to Defendants' legal counsel just prior to his deposition on May 26, 2006.   Prior to this, Defendants had never seen or possessed originals or copies of the Amended Medical Records.

**REQUEST FOR ADMISSION NO. 16:**   Admit that at all times relevant to Plaintiff Kenneth Couture's Complaint, including March 25, 2004, the M/V ·1st Lt. Jack Lummus was, and presently is, a "vessel in navigation."

**Response to Request for Admission No. 16:**   Admit.

**REQUEST FOR ADMISSION NO. 17:**   Admit that at all times relevant to Plaintiff Kenneth Couture's Complaint and for purposes of this action, Plaintiff Kenneth Couture's duties as a

Qualified Member of the Engine Department on board the M/V 1st Lt. Jack Lummus directly contributed to the function and the mission of the M/V 1st Lt. Jack Lummus.

Response to Request for Admission No. 17: Admit.

REQUEST FOR ADMISSION NO. 18: Admit that at all times relevant to Plaintiff Kenneth Couture's Complaint and for purposes of this action, Plaintiff Kenneth Couture had a connection to the M/V 1st Lt. Jack Lummus that was substantial in terms of both its duration and its nature.

Response to Request for Admission No. 18: Admit.

REQUEST FOR ADMISSION NO. 19: Admit that at all times relevant to Plaintiff Kenneth Couture's Complaint and for purposes of this action, Plaintiff Kenneth Couture qualifies as, and is, a seaman under, and pursuant to, the Jones Act, 46 U.S.C. § 688 et seq.

Response to Request for Admission No. 19: Admit.

REQUEST FOR ADMISSION NO. 20: Admit that at all times relevant to Plaintiff Kenneth Couture's Complaint and for purposes of this action, Plaintiff Kenneth Couture, being qualified as a seaman under, and pursuant to, the Jones Act, 46 U.S.C. § 688 et seq., has standing to bring a claim under the general maritime doctrine of unseaworthiness.

Response to Request for Admission No. 20: Admit.

REQUEST FOR ADMISSION NO. 21: Admit that at all times relevant to Plaintiff Kenneth Couture's Complaint and for purposes of this action, Plaintiff Kenneth Couture's employer was Defendant American Overseas Marine Corporation.

Response to Request for Admission No. 21: Admit.

REQUEST FOR ADMISSION NO. 22: Admit that at all times relevant to Plaintiff Kenneth Couture's Complaint and for purposes of this action, Defendant General Dynamics Corporation owned the M/V 1st Lt. Jack Lummus.

<u>Response to Request for Admission No. 22</u>:   Admit.


DATED: Hagåtña, Guam, September 14, 2006.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for DEFENDANTS

9.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of September 2006, I will cause to

be served, via hand delivery, a true and correct copy of DEFENDANTS' *SUPPLEMENTAL*

RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS upon the

following Counsels of record:

> William M. Fitzgerald, Esq.
> Law Office of William M. Fitzgerald
> 1st Floor, Macaranas Building
> Post Office Box 909
> Saipan, MP 96950

and

> Bruce Berline, Esq.
> Law Office of Bruce Berline
> 1st Floor, Macaranas Building
> Post Office Box 5682 CHRB
> Garapan, Saipan MP 96950

DATED: September 14, 2006.

DAVID LEDGER