1  CARLSMITH BALL LLP

2  DAVID LEDGER (CNMI BAR NO. F0195)
   Carlsmith Ball LLP Building
3  Capitol Hill
   Post Office Box 5241
4  Saipan, MP 96950-5241
   Tel No. 670.322.3455
5
   Attorneys for Defendant
6  American Overseas Marine Corporation
   and General Dynamics Corporation
7

8

9              UNITED STATES DISTRICT COURT

10                      FOR THE

11             NORTHERN MARIANA ISLANDS

12  KENNETH COUTURE,              CIVIL ACTION NO. CV05-0024

13          Plaintiff,
                                  DEFENDANTS AMERICAN
14     vs.                        OVERSEAS MARINE CORPORATION
                                  AND GENERAL DYNAMICS
15  AMERICAN OVERSEAS MARINE      CORPORATION'S EX PARTE
    CORPORATION and GENERAL       MOTION UNDER LOCAL RULE 7.1.
16  DYNAMICS CORPORATION,         h.3(b) FOR AN ORDER GRANTING
                                  MOTION TO COMPEL ATTENDANCE
17          Defendants.           OF PLAINTIFF AT SETTLEMENT
                                  CONFERENCE; MEMORANDUM IN
18                                SUPPORT OF MOTION;
                                  CERTIFICATE OF SERVICE
19
                                  CONFERENCE DATE: MARCH 14,
20                                2007

21                                TIME: 10:00 A.M.

22                                JUDGE: ALEX R. MUNSON

23

24
    **DEFENDANTS AMERICAN OVERSEAS MARINE CORPORATION AND GENERAL
25   DYNAMICS CORPORATION'S MOTION TO COMPEL ATTENDANCE OF
              PLAINTIFF AT SETTLEMENT CONFERENCE**
26

27       Defendants American Overseas Marine Corporation and General Dynamics Corporation,

28  by and through their attorneys, Carlsmith Ball, hereby move this Court for an order compelling

4837-7734-1697.1.053276-00011

Plaintiff to attend the Settlement Conference set for March 14, 2007.

## MEMORANDUM IN SUPPORT OF MOTION

The Court has ordered a Settlement Conference to take place on March 14, 2007 at 10:00 a.m.. The Order setting the Settlement Conference does not address attendance by the parties.

On the date of the Settlement Conference, Plaintiff will be on Saipan, on vacation from his employment on the vessel USNS JACK LUMMUS and, according plaintiff's attorneys, only "10 minutes away" from the courthouse. Defendants' representatives with settlement authority are, however, located on the U.S. East Coast and will be available to the Court by telephone to authorize or approve a settlement.

Without offering any plausible explanation as to why, Plaintiff's attorneys have declined Defendants' request to have Plaintiff attend the Settlement Conference in person. Rather, the stated reason is "inconvenience" to the plaintiff. Litigation is inherently inconvenient and as such "inconvenience", especially in the case of a Saipan resident, is hardly justification for ignoring attendance at a settlement conference. Defendants request an order directing Plaintiff to appear in person at the Settlement Conference.

Under Local Rule 16.2CJ(c)(5)(a) "[e]ach party shall be required to attend the settlement conference," either personally or through a representative with full authority to participate in settlement negotiations and to effect a complete compromise of the case." The Court "may require the attendance or availability of the parties, pursuant to Fed. R. Civ. P. 16(c)." LR 16.2CJ(c)(5)(b). The purpose of personal attendance is to encourage an atmosphere of settlement through *personal participation* by the parties. The Court is able to maximize upon the parties' motivations to settle this case through requiring the parties to attend at their convenience. Plaintiff, in particular, will not be inconvenienced since he will already be on Saipan on vacation from work and otherwise readily available. If Defendant had a representative

4837-7734-1697.1                         -2.-

in Saipan with settlement authority that representative would appear in person. Defendants will have representatives on the telephone.

In the circumstances, Defendants respectfully seek an Order from the Court compelling Plaintiff to attend the Settlement Conference, in accordance with the goals of settlement conferences and the rationale behind LR 16.2CJ(c)(5). This rationale is particularly apropos in this instance as this settlement conference may well be the single remaining opportunity to settle this action before trial on April 9, 2007. There is much at stake, and Plaintiff will not be unduly burdened by being required to attend. To the contrary, plaintiff's opportunity to settle his case will be maximized by his own attendance.

For the above reasons, it would be in the parties' best interests, as well as in the interest of this Court, to require plaintiff to attend.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.H(3)(B).

Defendants have complied with the requirements for moving Ex Parte for an Order granting its Motion to Compel. Counsels' respective phone fax and office locations appear in this pleading.

The facts stated above establish the basis for this ex parte application.

On March 8, 2007, counsel for Plaintiff was emailed a copy of the Motion. However, the basis of the Motion has been the subject of discussions between counsel since March 1, with Plaintiff's counsel being advised via email on March 5, 2007, of a Motion to Compel Attendance to be imminently filed, and being advised via email on March 7, 2007, that it will be filed on an Ex Parte basis.

4837-7734-1697.1                                -3.-

1  DATED: March 8, 2007.

2  CARLSMITH BALL LLP

/s/ David P. Ledger
DAVID LEDGER
Attorneys for Defendant
American Overseas Marine Corporation
and General Dynamics Corporation

4837-7734-1697.1

-4.-

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of March 2007, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANTS AMERICAN OVERSEAS MARINE CORPORATION AND GENERAL DYNAMICS CORPORATION'S MOTION TO COMPEL ATTENDANCE OF PLAINTIFF AT SETTLEMENT CONFERENCE; MEMORANDUM IN SUPPORT OF MOTION** upon the following Counsels of record:

> William M. Fitzgerald, Esq.
> Law Office of William M. Fitzgerald
> 1st Floor, Macaranas Building
> Post Office Box 909
> Saipan, MP 96950

and
> Bruce Berline, Esq.
> Law Office of Bruce Berline
> 1st Floor, Macaranas Building
> Post Office Box 5682 CHRB
> Garapan, Saipan MP 96950

DATED: March 8, 2007.

/s/ David P. Ledger
DAVID LEDGER