CARLSMITH BALL LLP

DAVID LEDGER (CNMI BAR NO. F0195)
Carlsmith Ball LLP Building
Capitol Hill
Post Office Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
American Overseas Marine Corporation
and General Dynamics Corporation

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KENNETH COUTURE,<br><br>          Plaintiff,<br><br>vs.<br><br>AMERICAN OVERSEAS MARINE CORPORATION and GENERAL DYNAMICS CORPORATION,<br><br>          Defendants. | CIVIL ACTION NO. CV05-0024<br><br>DEFENDANTS AMERICAN OVERSEAS MARINE CORPORATION'S AND GENERAL DYNAMICS CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br>DATE: March 15, 2007<br>TIME: 10:00 a.m.<br>JUDGE: Alex R. Munson |

A. **Introduction.**

Plaintiff Kenneth Couture's Opposition to Defendants American Overseas Marine Corporation and General Dynamics Corporation's Motion for Summary Judgment skirts the issue of whether the PVA and SAA applies by misfocusing on aspects of cases cited by Defendants. The caselaw, however, firmly demonstrates that because the United States

4816-2992-3585.2

exercised sufficient and, in fact, absolute control of the M/V LUMMUS, a military vessel with a public function, the Public Vessels Act ("PVA") and the Suits in Admiralty Act ("SAA") bar the present action against the government's agents, Defendants. Summary Judgment is therefore warranted in Defendants' favor.

### B. Plaintiff Fails to Address the Crux of Defendant's Argument Regarding the PVA and SAA's Bar Against Actions Against Agents of the Government.

Plaintiff focuses in on technical aspects of ownership and demise charter, and therefore misses the essence of Defendant's argument, which is that if the government has "sufficient control" over the LUMMUS, the vessel qualifies as a public vessel and an action may only be maintained against the United States under the PVA and SAA. On this point, Plaintiff does not dispute the lengths of control exercised by the U.S. Government over the LUMMUS during the time Plaintiff allegedly suffered an injury. In other words, it is an undisputed fact that the United States military exercised sufficient, if not overwhelming, control over the LUMMUS to warrant it as a public vessel under the tests discussed by Defendant in its Motion.

In particular, Defendant has demonstrated numerous ways in which the United States controls the operations of the LUMMUS. The vessel has no private purpose. The vessel and its crew must comply with the Government's sail orders. The military controls who accesses the vessel, and what may be stored on the vessel. The Government controls when and where the vessel will sail. None of these decisions are made by Defendants. Indubitably the public nature and purpose of the LUMMUS qualifies it as a "public vessel" under the PVA, thereby barring the present action against Defendants.

Moreover, Plaintiff offers no genuine issue of material fact to dispute that Defendants are agents of the Government. The evidence undisputedly demonstrates that the United States exercises significant influence over Defendants' activities, as already discussed, and that

Defendants were conducting the business of the United States. Therefore, the SAA applies to the exclusion of other actions against Defendants.

As will be shown below, without attacking the qualification of the LUMMUS as a public vessel and the agency status of Defendants, the remainder of Plaintiff's arguments nitpicks unnecessarily at Defendant's cited caselaw, to no avail.

### C. Plaintiff's Distinction of Defendant's Caselaw is Simplistic and Ignores the Basic Holdings of Those Cases.

Plaintiff attempts to focus the Court on a literal definition of "public vessel" and ignores the case authorities holding that a public vessel need not be owned by the United States, but rather may be controlled by the United States in a public capacity.

Plaintiff misconstrues *Geo. W. Rogers Const. Co. v. United States*, 118 F. Supp. 927 (S.D.N.Y. 1954). A careful reading of that shows, as Defendant has indicated that if a vessel is not owned by the United States, then the vessel may still qualify as a public vessel for purposes of the PVA and SAA. "[I]f the vessel is chartered to the United States Navy to carry a cargo of a special grade of oil to a United States naval station to be used as fuel by Navy vessels, it is a vessel which by every test is in the public service of the United States and should be classed as 'a public vessel of the United States.' Tort actions involving such a vessel so engaged would come under the Public Vessels Act." *Id.* at 934. This is the scenario here: the LUMMUS was chartered to the navy to carry out a military function, and, as such, should be classified as a public vessel.

Plaintiff also misses the point with respect to *Roeper v. United States*, 85 F. Supp. 864 (E.D.N.Y. 1949). Defendant cited *Roeper* as part of the discussion that a vessel used for the transportation of personnel and military supplies is a public vessel. *Roeper* in fact holds as such: "The proof adduced at the trial discloses that the ship was under the jurisdiction and control of

the United States Navy, and was used for the transportation of personnel and military supplies, and is therefore a public vessel and comes within the purview of the Public Vessels Act." *Id.* at 866. The LUMMUS was also used for the transportation of personnel and military supplies, and thus qualifies as a public vessel.

Similarly, Plaintiff misunderstands Defendant's citation of *United States v. United Continental Tuna*, 425 U.S. 164 (1976). In that case the Supreme Court suggested that a military vessel - a naval destroyer - was a public vessel. Again, here, the LUMMUS is a military vessel, and thus had a public function.

Plaintiff misunderstands and misdirects the point of *Taghadonni v. United States*, 401 F.3d 1080 (9th Cir. 2005) which holds that a "'public vessel' is one owned or operated by the United States and used in a public capacity." *Id.* at 1083 n.3 (emphases added). The LUMMUS was *operated* by the United States and *used in a public capacity*, thus, the PVA applies.

Plaintiff makes much of Defendant's citation of *Stubblefield v. Vickers Towing Co.*, 674 F. Supp. 566 (N.D. Miss. 1987). Defendant cited *Stubblefield* as an example of a case holding that a seaman's personal injury suit arising from operation of privately owned vessels time chartered to the United States must be brought exclusively under the SAA. This proposition is supported by the language of the PVA and SAA, and those cases discussed in the Motion. Ironically, Plaintiff himself relies on *Stubblefield* even though acknowledging that the *Stubblefield* decision had been vacated. Defendant is not sure what to make of Plaintiff's reliance on authority that he wishes to be ignored.

With respect to the SAA, Plaintiff again simplistically and unsuccessfully attempts to distinguish a number of cases cited by Defendant. *Dearborn v. Mar Ship Operations, Inc.*, 113 F.3d 995 (9th Cir. 1997) applies for the proposition that an action available (but not necessarily brought) under the SAA bars all other actions involving the same subject matter. That is in fact

what *Dearborn* holds. *See id.* at 997.

Defendant cites a line of cases supporting the same idea that when a seaman is injured on a public vessel operated by an agent of the United States, his sole remedy is against the United States, and no action lies against the agent, even if the agent is the seaman's employer. *See Petition of the United States*, 367 F.2d 505, 511-12 (3d Cir. 1966); *Cruz v. Marine Transport Lines, Inc.*, 634 F. Supp. 107, 109-10 (D.N.J. 1986); *Santos v. RCA Serv. Co.*, 603 F. Supp. 943, 946 (E.D. La. 1985). Plaintiff attempts to distinguish these cases on grounds that the vessels at issue were either owned or chartered as United States military vessels. However, the Court should not be misled that the purpose of these cases is to show, as Defendant indicates, that a remedy available under the PVA and SAA against the United States precludes a remedy against an agent of the United States.

This is also the holding of *Williams v. Central Gulf Lines*, 874 F.2d 1058 (5th Cir. 1989), also cited by Defendant. As expected, Plaintiff relied on *Williams* in support of the position that a vessel time chartered to the United States should not be considered a public vessel and is not operated for the United States under the SAA. While it is true that the time chartered vessel in *Williams* was found not to be a public vessel, the Fifth Circuit made that finding because it determined that the vessel's owner "retained complete exclusive control and possession of the vessel and its navigation." *Id.* at 1060. The reality of the situation is that Defendants here did not retain complete, exclusive control of the vessel. Thus, the facts of *Williams* are distinguishable, and yet the fundamental test established in *Williams* to determine if a proceeding in admiralty could be applied against a private person in the Government's position, thus signifying the application of the SAA, applies here.

The most ridiculous misconstruction of a case committed by Plaintiff is his claim that *Favorite v. Marine Personnel and Provisioning, Inc.*, 955 F.2d 382, 388 (5th Cir. 1992) destroys

4816-2992-3585.2                           -5.-

Defendant's argument, without further elaboration. Defendant cites *Favorite* to establish the test for an "agent" of the Government, which includes a contract operator of a public vessel. *Id.* Instead of focusing on the agency test, Plaintiff believes he struck a gold mine because *Favorite* distinguishes *Williams* because, as just discussed, the owner in *Williams* retained control. This does not affect the agency analysis, or even the conclusion in *Favorite* that the privately owned vessel in question which was leased to the United States was a public vessel for the purposes of the SAA.

### D. Timeliness of the Motion.

Plaintiff has made several glaring false statements pertaining to the timeliness of this motion and discovery which warrant further discussion.

First, Plaintiff claims that Defendant's counsel sought a four month continuance of the trial in order to be able to take depositions on the United States east coast. However, the reality is that Defendant's counsel sought a continuance of the trial because of a miscalculation of when the LUMMUS and crew would return to Saipan from the journey to the United States for drydock work. The continuance was sought from November 2006 until April 2007 because the LUMMUS would not return from the journey until March 2007.

Defendant's counsel advised the judge that the LUMMUS' captain and chief mate were essential to the trial and that he did not want to take their depositions to preserve testimony for trial because they were key witnesses. After that disclosure it was Plaintiff's counsel who insisted on taking depositions on the East Coast (and in Hawaii as it turned out that is where one witness resides) when they were finally convinced that the witness indeed had "something to say." As the Court may recall, Plaintiff's Lawyers argued vigorously against the trial continuance because in their view "neither the captain nor the chief mate had any information that would be of use at trial." However, there is no way Plaintiff's Lawyers could maintain that

contention because they never bothered to take their depositions even though both Captain Hagner and Chief Mate Kirk were available for months, indeed years, for their depositions on Saipan. Plaintiffs' Lawyers can hardly complain about having to travel to depose witnesses they deliberately ignored all the while those witnesses could have been deposed on Saipan.

The Court may also recall that Plaintiff's counsel argued that as a condition of the continuance, they be allowed to take depositions on the East Coast and requested and obtained a extension of the discovery cutoff in order to do so. The Court granted the continuance of the trial contingent on Plaintiff's Lawyers having the opportunity to take the depositions. Again, Plaintiff's Lawyers never bothered to take the Captain's or Chief Mate's depositions while they were in Saipan, and instead opted for the more expensive route - to depose them in the East Coast - and at that only after they feared what the witnesses might actually have something meaningful to say at trial.

Second, Plaintiff complains that the statute of limitations only expired a few months ago, and that Defendants are at fault for waiting until the SOL expired before filing this Motion. This is not the case. The SOL on a PVA and SAA action actually expired on March 25, 2006, almost one year ago. It is Plaintiff's responsibility to be aware of the limitations of his causes of action, and yet he blames Defendants as if they were obligated to ensure that Plaintiff sues the proper party and sues them in a timely manner. Plaintiff had the responsibility to timely bring in other parties that may be liable, and yet failed to do so. Plaintiff had an obligation to research causes of action available to him, and also to serve interrogatories on these Defendants to learn about their asserted defenses. Defendant's presence in this case to date does not justify keeping Defendants in the case simply because Plaintiff failed to sue the proper party. The PVA and SAA warrant that when the United States is liable for an action, an action against an agent of the United States is barred. The PVA and SAA contain no contingencies in the event a plaintiff

4816-2992-3585.2                -7.-

simply overlooks to sue the United States.

### E. Conclusion

There is no genuine issue of material fact that the LUMMUS is a public vessel under the PVA, and that the United States military exercises substantial control over the LUMMUS' activities. There is also no genuine issue of material fact that Defendants are agents of the Government, and that the agency relationship is exclusively for the purpose of serving the United States military, signifying that the SAA applies. Because the PVA and SAA apply, the action against Defendants as agents of the United States is barred.

DATED: Hagåtña, Guam, March 8, 2007.

CARLSMITH BALL LLP

/s/ David P. Ledger

---

DAVID LEDGER

Attorneys for Defendant
American Overseas Marine Corporation
and General Dynamics Corporation

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 8th day of March 2007, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANTS AMERICAN OVERSEAS MARINE CORPORATION'S AND GENERAL DYNAMICS CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** upon the following Counsels of record:

>William M. Fitzgerald, Esq.
>Law Office of William M. Fitzgerald
>1st Floor, Macaranas Building
>Post Office Box 909
>Saipan, MP 96950

and

>Bruce Berline, Esq.
>Law Office of Bruce Berline
>1st Floor, Macaranas Building
>Post Office Box 5682 CHRB
>Garapan, Saipan MP 96950

DATED: March 8, 2007.

/s/ David P. Ledger
_____
DAVID LEDGER

4816-2992-3585.2                                    -9.-