1   **William M. Fitzgerald, Esq.**
    **LAW OFFICE OF WILLIAM M. FITZGERALD**
2   2nd Floor, Macaranas Building
    P.O. Box 909
3   Saipan, MP 96950
    Telephone (670) 234-7241
4   Facsimile (670) 234-7530

5

6   **Bruce Berline, Esq.**
    **Law Office of Bruce Berline**
    2nd Floor, Macaranas Building
7   P.O. Box 5682 CHRB
    Garapan, Saipan, MP 96950
8   Telephone:  (670) 233-3663
    Facsimile: (670) 233-5262

9

10  Attorneys for Plaintiff

11
                    IN THE UNITED STATES DISTRICT COURT
12
                                    FOR THE
13
                          NORTHERN MARIANA ISLANDS
14

15  KENNETH COUTURE,                    )   CV NO. 05-0024
                                        )
16              Plaintiff,              )   **DECLARATION OF BRUCE BERLINE IN**
                                        )   **SUPPORT OF PLAINTIFF'S MOTION**
17              v.                      )   **FOR  SANCTIONS  AGAINST**
                                        )   **DEFENDANTS  PURSUANT  TO**
18  AMERICAN   OVERSEAS   MARINE)           **FED.R.CIV.P. 37(c)(1)**
    CORPORATION and GENERAL DYNAMICS)
19  CORPORATION,                        )
                                        )   Date:   April 5, 2007
20              Defendants.             )   Time:  10:00 a.m.
                                        )   Judge: Munson
21  _____)

22          I, Bruce Berline, do hereby state and declare the following:

23          1.      I am an attorney for Plaintiff

24          2.      In July of 2005, Plaintiff filed a complaint in this Court naming Defendants American

25  Overseas Marine Corporation ("AMSEA") and General Dynamics Corporation ("Gen Dyn") as

26  defendants liable for his injuries sustained on March 25, 2004 aboard the M/V 1st Lt. Jack Lummus.

27

28                                     Page 1 of  5

3.    Attached hereto as Exhibit A is a true and correct copy of the pertinent deposition testimony of Tammy Ducharme, Chief of Insurance and Claims, taken on October 27, 2006.

4.    Attached hereto as Exhibit "B" is a true and correct copy of a letter from Bruce Berline to David Ledger, dated September 3, 2005.

5.    Attached hereto as Exhibit "C" is a true and correct copy of a letter from David Ledger to Bruce Berline, dated September 22, 2005.

6.    Plaintiff has vigorously litigated this matter against AMSEA and Gen Dyn for nearly two years.

7.    To date, the following depositions have been taken:

    A.    Carl Inglehart - Medical Services Officer, two separate depositions

    B.    Plaintiff Couture - two separate depositions

    C.    Captain David Hagner - deposition taken in New Jersey

    D.    Tammy Ducharme - former AMSEA Chief of Insurance and Claims

    E.    Chief Mate Peter Kirk - Deposition taken in Hawaii

    F.    Doctor Peter Diamond - Defendant's medical expert

    G.    Doctor Jerome Landstrom - Plaintiff's treating orthopedic surgeon

    H.    Doctor Raymond Lucas - Defendant's medical expert

8.    Attached hereto as Exhibit "D" is what is believed to be an accurate list of the extensive written discovery exchanged by the parties in this action.

9.    Through this extensive discovery process, Plaintiff has obtained admissions from the Defendants which conclusively prove that General Dynamics is the owner of the Lummus, that AMSEA is Plaintiff's employee, and that Plaintiff is a seaman entitled to bring Jones Act and unseaworthiness claims against each respective party, along with many others.

10.    Defendants never revealed or disclosing their alleged defense to this action based on the PVA and SAA to anyone in anyway at any time for nearly two years.

11.    Attached hereto as Exhibit "E" is a true and correct copy of Defendants' Answer to the Complaint.

Page 2 of 5

12.     Attached hereto as Exhibit "F" is a true and correct copy of this Court's Order Re:  Case Management Conference, dated August 29, 2005.

13.     At the Case Management Conference, held on September 20, 2005, Defendants never brought up the issue that they were not the proper defendants, nor did they ever mention or discuss the PVA or the SAA at that conference.

14.     Attached hereto as Exhibit "G" is a true and accurate copy of the Defendants' Initial Disclosure (without the attached irrelevant documents).

15.     Thom Merrell is not listed in Exhibit "G."  Plaintiff's counsel has never heard of Mr. Merrell until his declaration was provided to Plaintiff in February of 2007.

16.     Defendants have not served Plaintiff with any supplemental Initial Disclosures pursuant to Fed.R.Civ.P. 26(e).

17.     The Defendants' Initial Disclosures failed to list the Time Charter for the Vessel, the MSC Standard Operating Procedure Manual, or the Bareboat Charter.  Nor were these documents, that Defendants now use to support their summary judgement motion, produced to Plaintiff in accordance with Rule 26(a).  Defendants have never before referenced such documents in this matter.  And certainly, this is the first time Plaintiff has ever seen such documents.

18.     On January 11, 2007, Plaintiff served his First Set of Request for Production of Documents and Things upon Defendants' counsel.

19.     Attached as Exhibit "H" is a true and correct copy of Defendants' Response to Plaintiff's First Set of Requests for Production of Documents and Things.

20.     Exhibit "H" accurately quotes Plaintiff's original requests set forth in his First Set of Request for Production of Documents and Things.

21.     On December 20, 2005, Plaintiff served his First Set of Requests for Interrogatories on Defendants' counsel.

22.     Attached hereto as Exhibit "I" is a true and correct copy of Defendants' Response to Plaintiff's First Set of Requests for Interrogatories.

23.     Exhibit "I" accurately quotes Plaintiff's original interrogatories as set forth in his First Set of Requests for Interrogatories.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24.    Defendants have never seriously discussed settlement with the Plaintiff.

25.    Plaintiff, on the other hand, has provided Defendants' with two separate written settlement offers, the last offer being made on October 16, 2006.

26.    Defendants have never provided Plaintiff with a written offer or counter-offer.

27.    Attached hereto as Exhibit "J" is a true and correct copy of an e-mail sent by Defendants' counsel to Plaintiff's counsel on August 4, 2006.

28.    Attached hereto as Exhibit "K" is a true and correct copy of the Stipulation to Continue Settlement Conference.

29.    On September 22, 2006, counsel for Defendants along with both Plaintiff's counsels were in a chamber conference with this Court to discuss Defendants' request to continue the jury trial.  During that chamber conference, this Court brought up the subject of settlement, however, Defendants' declined this Court's invitation to discuss settlement.

30.    After Defendants provided Plaintiff's counsel with a pre-filing copy of Defendants' motion for summary judgment in January of 2007, the Defendants insisted on scheduling a settlement conference despite Plaintiff's reluctance to participate due the belief that such a conference would be unproductive.

31.    Attached hereto as Exhibit "L" is a true and correct copy of an e-mail from Defendants' Counsel to Plaintiff's Counsel, dated January 8, 2007.

32.    In a January 11, 2007 letter to Defendants, Plaintiff declined Defendants' January 8th invitation to make an offer of settlement and informed the Defendants of his intention to proceed to trial.

33.    In Plaintiff's January 11, 2007 letter, Plaintiff informed Defendants that he was proceeding to trial and was no longer interested in settling this matter.

34.    The Defendants attached a myriad of documents attached their Initial Disclosures.  These documents consisted mainly of invoices, medical records and crew lists relevant to the voyage upon which Plaintiff Couture was injured and the injury itself.

35.    None of these documents that the Defendants now use to support their motion for summary judgment, the Bareboat Charter, the Time Charter nor the MSC operating manual, were attached to the  Initial Disclosures.

36.    Plaintiff was not provided these documents until February 16, 2007 when they served with the motion for summary judgment.

37.    Defendants required Plaintiff to agree to keep the supporting documents confidential before allowing Plaintiff to review them.

38.    Defendants have never served supplement initial disclosures on Plaintiff which disclosed any information relevant to the allegations made in their motion for summary judgment.

39.    Attached hereto as Exhibit "M" is a true and correct copy of a letter from William M. Fitzgerald to counsel for Defendants, dated February 26, 2007.  Despite the warnings contained in the letter, Defendants refused to withdraw the motion.

40.    The November 27, 2006 trial date was continued to April 9, 2007, at the behest of the Defendants because they insisted that their material witnesses, Captain David Hagner and Chief Mate Kirk, be available for trial.

41.    Attached hereto as Exhibit "N" is a true and correct copy of the Amended Case Management Scheduling Order.


I, Bruce Berline, declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 9, 2007 on Saipan, Commonwealth of the Northern Mariana Islands.


_____//S//_____
BRUCE BERLINE

Page 5 of  5