# BRUCE BERLINE
ATTORNEY AT LAW

**LAW OFFICE OF BRUCE BERLINE**
FIRST FLOOR, MACARANAS BUILDING
P.O. BOX 5682 CHRB GARAPAN, SAIPAN MP 96950
PHONE (670) 233-3663
FACSIMILE (670) 233-5262

September 3, 2005

*Via Facsimile No. (671) 477-4375 and (670) 322-3368*

David Ledger, Esq.
John D. Osborn, Esq.
CARLSMITH BALL LLP
Bank of Hawaii Bldg. Suite 401
134 West Soledad Avenue
Hagatna, Guam 96932-5027

RE:   Rule 26(f) Letter
      *Kenneth Couture v. American Overseas Marine Corporation and General Dynamics Corporation*, Civil Action No. CV 05-0024

Gentlemen,

We are sending you this letter in an attempt to confer, pursuant to Rule 26(f), about the following:

THE NATURE AND BASIS OF CLAIMS AND DEFENSES

As you both know, our claims for damages in this matter are based upon the Jones Act negligence of Mr. Couture's employer and the doctrine of un-seaworthiness of the vessel upon which he worked. Basic to each of these causes of action is Mr. Couture's status as a "seaman," as that term is used within the Jones Act. If Mr. Couture is found to be a "seaman," then his burden of establishing liability in this case becomes significantly easier.

We note that your clients' answer contains a number of defenses, one of which contends that Mr. Couture was not a Jones Act seaman at the time of the incident. *See* Answer at p. 4, ¶ 2. It is our position that Mr. Couture's Jones Act seaman status is beyond dispute. For a maritime worker to be declared a Jones Act seaman, he must meet two essential requirements: 1) "an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission;" and, 2) "a seaman must have a connection to a vessel in navigation that is substantial in terms of both its duration and its nature." *Chandris v. Latsis*, 515 U.S. 347, 368, 115 S.Ct. 2172, 2190 (1995)(internal quotations and citations omitted).



September 3, 2005
Page 2

As for the first requirement, the United States Supreme Court has held that "this threshold requirement is very broad: All who work at sea in the service of the ship are eligible for seaman status." *Id*. at 2190. Here, Mr. Couture has served on the Lummus for one and a half years. As admitted by your clients, Mr. Couture is qualified member of the engine department ("QMED") on the Lummus. We fail to see how anyone could argue that a QMED does not contribute to the function of a vessel, especially given the facts of this case and the broad application that the U.S. Supreme Court has given to this first requirement.

As for the second requirement, again, Mr. Couture has been assigned to the Lummus for about one and a half years. Mr. Couture performs all of his work, which is the ship's work, on board the Lummus and has been doing so on a regular and continual basis ever since he was assigned to the Lummus. As such, Mr. Couture is the very type of maritime worker for which the Jones Act remedy is reserved for: "sea-based maritime employees whose work regularly exposes them to the special hazards and disadvantages to which they who go down to sea in ships are subjected." *Id*. at 370. Thus, we can see no basis for asserting that Mr. Couture did not have the requisite connection to the Lummus.

The only other issue relevant to this analysis is the question of whether the Lummus is a "vessel in navigation" which is a sub-part of the second requirement set forth in *Chandris*. Clearly though, the Lummus is a pre-position ship, floating upon the waters of the Pacific ocean, constantly ready to transport and deploy, on a moment's notice, its military cargo to the far reaches of the world. No judge is going to hold that the Lummus is not a "vessel in navigation." However, we see that your clients' answer has denied the allegation that the Lummus was in navigation as it is set forth in the complaint. *See* Complaint at p. 3, ¶ 17; Answer at p.2, ¶ 17.

Additionally, your clients' actions confirm Mr. Couture's status as a Jones Act seaman. Your clients classify Mr. Couture as both a crewmember and a seaman. Of the few AMSEA documents that we have in our possession, several refer to him as a "crewmember" and one of the documents refers to him as a "seaman." Finally, it is our understanding that AMSEA is paying Mr. Couture maintenance and cure. Maintenance and cure is strictly an admiralty remedy available only to seaman. Mr. Couture's eligibility for maintenance and cure payments automatically qualifies him as a Jones Act seaman.

Given the facts of this matter and the applicable law, we request that you reconsider your clients' claim that Mr. Couture is not a Jones Act seaman and modify the answer accordingly. In any event, we should discuss this matter with Judge Munson as to what we can agree on and what AMSEA's and GYNDYN's basis is for claiming that Mr. Couture is not a Jones Act seaman. The parties can then focus discovery on those issues. The resolution of the issue of our client's seaman status will then clear the way for any possible settlement negotiations.

September 3, 2005
Page 3

We further note that our complaint alleges that AMSEA is Mr. Couture's employer. *See* Complaint at p. 3, ¶ 12. Your clients' answer denies this allegation. *See* Answer at p.2, ¶ 12. AMSEA pays Mr. Couture's salary. If you have reliable information that AMSEA is not Mr. Couture's employer or know which company is, disclosing such information now will reduce the discovery burden and speed up the litigation.

We ask the same as to your knowledge and belief as to the actual owner of the Lummus. We have alleged that either AMSEA and/or GENDYN owns the Lummus. *See* Complaint at p. 3, ¶ 13. Your clients' answer denies this allegation. *See* Answer at p. 2, ¶ 13. Moreover, your clients answer states that AMSEA is the ship operating segment of General Dynamics Marine Systems. Again, it would save a lot of time and effort in discovery to determine which entities have an ownership interest in the Lummus. It may be helpful to provide us with copies of any charter agreements associated with the Lummus. Again, we plan on discussing these issues with Judge Munson at the scheduling conference and am hopeful that we can discuss ways to resolve these issues quickly and efficiently for both parties.

POSSIBILITY FOR PROMPT SETTLEMENT

As stated above, it is our present position that there is no reasonable dispute to Mr. Couture's seaman status. The key to evaluating damages in this matter, and thus to the initiation of any meaningful settlement negotiations, is the determination of Mr. Couture's seaman status either by the parties or the court. Accordingly, the sooner this issue is resolved the more likely the matter may be resolved pre-trial.

Moreover, although our research indicates that we have correctly identified Mr. Couture's employer and the owner of the Lummus, such issues, of course, must be fully resolved as well before initiating settlement discussions.

DISCLOSURES REQUIRED BY RULE 26(a)(1)

We will serve our Initial Disclosure Statement after filing it with the court. In the meantime, we ask that you provide this office with "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment" as required by 26(a)(1) as soon as possible - preferably within the next week.

September 3, 2005
Page 4

PROPOSED DISCOVERY PLAN

We do not foresee any special needs requiring the timing, form or requirement for disclosures required under Rule 26)(a)(1) other than the request for insurance policies made above.

As for the schedule of the litigation, we have quickly come up with the following dates with which to begin our discussion. Let us know your thoughts on these dates and we can start pinning these dates down with more certainty.

1. Joinder of all parties: November 15, 2005
2. Motions to amend: November 15, 2005
3. Discovery cut-off: February 15, 2006
4. Status conference: March, 2006
5. Discovery motion hearing date: March, 2006
6. Dispositive motion cut-off: April 15, 2006
7. Dispositive motion hearing date: May, 2006
8. Settlement conference: February 15, 2006 and May, 2006
9. Joint pretrial order: July 2006
10. Final pretrial conference: July 2006
11. Trial: August, 2006

We await your response.

With kind regards,

BRUCE BERLINE
WILLIAM M. FITZGERALD
Attorneys for Kenneth Couture

**LAW OFFICE OF BRUCE BERLINE**
Fist Floor, Macaranas Building,
Garapan, Saipan, MP 96950

# Fax Cover Sheet



| | | | |
|---|---|---|---|
| DATE: | September 7, 2005 | TIME: | 2:04 PM |
| TO: | John D. Osborn, Esq.<br>CARLSMITH BALL LLP | PHONE:<br>FAX: | (670) 322-3455<br>(670) 322-3368 |
| | David Ledger, Esq.<br>CARLSMITH BALL LLP | PHONE:<br>FAX: | (671) 472-6813<br>(671) 477-4375 |
| FROM: | Bruce Berline, Esq. | PHONE:<br>FAX: | (670) 233-3663<br>(670) 233-5262 |

RE: *Kenneth Couture v. American Overseas Marine Corporation and General Dynamics Corporation.* Civil Action No. CV 05-0024

Number of pages including cover sheet: 5

**Message:**

Following this cover sheet is a letter regarding Rule 26(f) dated September 3, 2005 from Bruce Berline to David Ledger and John D. Osborn.