# CARLSMITH BALL LLP

### A LIMITED LIABILITY LAW PARTNERSHIP

BANK OF HAWAII BLDG., SUITE 401

134 WEST SOLEDAD AVENUE, P.O. BOX BF

HAGÅTÑA, GUAM 96932-5027

TELEPHONE 671.472.6813   FAX 671.477.4375

WWW.CARLSMITH.COM

DIRECT DIAL NO.                    DLEDGER@CARLSMITH.COM                    OUR REFERENCE NO.:
X302                                                                        053276-00011

September 22, 2005

**VIA HAND DELIVERY**

Bruce Berline, Esq.
Law Office of Bruce Berline
1st Floor, Macaranas Building
Post Office Box 5682, CHRB
Garapan, Saipan MP 96950

Re:   Kenneth Couture vs. American Overseas Marine Corp., et al.
      District Court of Guam Civil Case No. CIV05-0024

Dear Mr. Berline:

We have now considered the points raised in your letter dated September 3, 2005, and respond as follows.

1.   Jones Act seaman status.  As a QMED injured while performing his assigned duty on board the LUMMUS, Mr. Couture would have standing as a seaman within the meaning of the Jones Act.

2.   Employer.  It is agreed that Mr. Couture's employer is a defendant who has been named, served, and appeared in the lawsuit.

3.   Vessel in navigation.  Dropping our contention that Mr. Couture is not a Jones Act seaman also resolves the issue of whether or not the LUMMUS was a "vessel in navigation" at the time of the initial injury to his finger.  As we discussed at the Case Management Conference with Judge Munson, the vessel was in fact at sea and underway when Mr. Couture sustained the first injury to his finger.  In addition, the injury was treated on board by the medical officer.



EXHIBIT

C

Bruce Berline, Esq.
September 22, 2005
Page 2

    4.    <u>Maintenance & cure</u>. This was another subject discussed and resolved at the Case Management Conference. The Court was informed that Mr. Couture has received maintenance and cure benefits. Any contention or allegation to the contrary in the Complaint should be dismissed.

    5.    <u>Vessel owner</u>. We understand that your concern over the identity of the vessel owner/operator/charterer is due to the claim alleging unseaworthiness. It is agreed that the entity which could be liable for damages proven to have been caused by an unseaworthy condition or negligence has been named, served, and appeared in the lawsuit.

    6.    <u>Settlement</u>. Your letter mentions that "prompt settlement" may only be achieved by first resolving the seaman and vessel owner issues. We disagree. First, notwithstanding that seaman status and vessel ownership issues are all but moot, recovery under the Jones Act requires proof sufficient to establish negligence and legal cause. We acknowledge that for a Jones Act seaman, the burden to show causation is lighter than in an ordinary negligence action.

    Second, the test for liability based on unseaworthiness is two-fold: (1) the plaintiff must establish the existence of an unseaworthy condition, and (2) plaintiff must prove that the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury is either a direct result or a reasonably probable consequence of the unseaworthiness.

    Not every injury is necessarily the result of neglignce or unseaworthiness. Comparative negligence is considered in determining an award of damages. Your client has a long way to go to establish negligence, unseaworthiness, causation under either theory, or entitlement to a settlement.

    7.    <u>Damages</u>. In the same vein, even assuming liability could be established under either theory, or both, issues of damages and comparative fault remain.

    8.    <u>Insurance agreement</u>. There is no "insurance policy" in the form you may be used to seeing. The vessel is entered with a UK-based protection and indemnity association. The vessel owner is a Member of the Association. The Association does not provide liability coverage in the traditional sense. Instead, the Association will indemnify the Owner for losses paid in accordance with Association Rules. You may view the Rules, and other information concerning insurance, at http://www.standard-club.com. Click "Enter", and then click on the drop-down category "Cover." We will provide you with a "Certificate of Entry" which shows that the LUMMUS is entered with the Association and that the shipowner is a Member.

Bruce Berline, Esq.
September 22, 2005
Page 3

       9.    <u>Discovery</u>.  Our first set of interrogatories and request to produce are herewith served.

      As we discussed at the Case Management Conference, we anticipate that there will be substantial third-party discovery on the issue of medicals, and the need for an IME.

                        Best regards,

                        David Ledger

DPL/jmcb
4852-2439-6800.1.053276-00011