COPY of Original Filed on this date

AUG 2 9 2005

Clerk
District Court
for The Northern Mariana Islands

CARLSMITH BALL LLP

DAVID LEDGER
JOHN D. OSBORN
Carlsmith Ball LLP Building
Capitol Hill
Post Office Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendants
American Overseas Marine Corporation
and General Dynamics Corporation

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KENNETH COUTURE,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN OVERSEAS MARINE CORPORATION and GENERAL DYNAMICS CORPORATION,<br><br>Defendants. | CIVIL ACTION NO. CV05-0024<br><br>**DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE** |

1. Defendants have insufficient knowledge to either admit or deny Plaintiff's allegations that he resides and is domiciled on Saipan.

2. Defendants acknowledge Section 33 of the Merchant Seaman's Act and general maritime law but deny plaintiff is entitled to any recovery in this action.

3. Defendant American Overseas Marine Corporation (AMSEA) admits only that it is a lawfully existing entity, the ship-operating segment of General Dynamics Marine Systems, and that the company operates and manages maritime prepositioning ships.

4. Defendant General Dynamics admits only that it is a lawfully existing entity and that its relationship to AMSEA is described above in paragraph 3.

5. Defendants have no response to the "John Doe" allegations.

6. Defendants have insufficient knowledge to either admit or deny the Court has personal jurisdiction over the Plaintiff.

7. Defendant deny the allegations of paragraph 7.

8. Defendants deny the allegations of paragraph 8.

9. The Court's jurisdiction over this action is a matter of law.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants admit the allegations of paragraph 14, except with regard to the present location of the vessel.

15. Defendants admit Plaintiff's status as a "QMED" on the vessel.

16. Defendants admit that if plaintiff performed his duties properly, he contributed to the operation of the vessel.

17. Defendants admit only that plaintiff sustained an injury while on board the vessel.

18. Defendants admit only that the job plaintiff was assigned to do required installation of a pipe which was stored on board the vessel.

19. Defendants admit only that the job plaintiff was assigned to do required installation of a pipe which was stored on board the vessel.

20. Defendants admit only that the job plaintiff was assigned to do required installation of a pipe which was stored on board the vessel.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants admit the vessel's medical officer treated plaintiff for an injury, but deny the remaining allegations of paragraph 25.

26. Defendants have insufficient knowledge to either admit or deny the allegations of paragraph 26.

27. Defendants admit plaintiff received shore-side medical treatment but deny the remaining allegations of paragraph 27.

28. Defendants admit plaintiff received shore-side medical treatment from Dr. Landstrom but are unable to admit or deny the remaining allegations of paragraph 28.

29. Defendants admit plaintiff received shore-side medical treatment from Dr. Landstrom but are unable to admit or deny the remaining allegations of paragraph 29.

30. Defendants admit plaintiff received shore-side medical treatment but are unable to admit or deny the remaining allegations of paragraph 30.

31. Defendants admit plaintiff received shore-side medical treatment from Dr. Landstrom, returned to work, and subsequently sought additional medical treatment, but are unable to admit or deny the remaining allegations of paragraph 31.

32. Defendants admit plaintiff received shore-side medical treatment from Dr. Landstrom but are unable to admit or deny the remaining allegations of paragraph 32.

33. Defendants admit plaintiff received shore-side medical treatment but are unable to admit or deny the remaining allegations of paragraph 33.

34. Defendants admit plaintiff received shore-side medical treatment for an injury to his finger, but deny the finger has been "rendered useless."

35. Defendants deny the allegations of paragraph 35.

4848-0096-7168.1.000901-00030

3.

36. Defendants incorporate by reference the answers to paragraphs 1-35.

37. Defendants deny the allegations of paragraph 37.

38. Defendants admit certain duties are owed to persons performing work on board the vessel and, with respect to plaintiff, deny any such duty was breached.

39. Defendants admit certain duties are owed to persons performing work on board the vessel and, with respect to plaintiff, deny any such duty was breached.

40. Defendants admit certain duties are owed to persons performing work on board the vessel and, with respect to plaintiff, deny any such duty was breached.

41. Defendants admit certain duties are owed to persons performing work on board the vessel and, with respect to plaintiff, deny any such duty was breached.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants incorporate by reference the answers to paragraphs 1-46.

48. Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

## DEFENSES

1. The complaint fails to state a claim upon which relief may be granted.

2. Plaintiff is barred from maintaining this action against his employer and the vessel because he was not a Jones Act seaman at the time of the alleged incident.

3. Plaintiffs injuries were either caused or contributed to by Plaintiffs own negligence and comparative fault thus barring or reducing Plaintiff's claims and damages

accordingly.

4. Plaintiffs injuries were either caused or contributed to by third persons over whom Defendants have no control or right of control, thus barring this action against Defendants.

5. Plaintiffs damages, if any, were caused by solely by the negligent superseding acts of the Plaintiff and/or other persons and circumstances over which Defendant had no control or right of control.

6. Plaintiff has failed to mitigate his alleged damages and has failed to take reasonable steps to avoid the consequences of his alleged injury.

7. Defendants intend to rely upon the defenses of waiver, estoppel, unclean hands, statute of limitations and assumption of risk.

8. Plaintiff has failed to exhaust administrative remedies.

9. The vessel was seaworthy at all times

10. Defendants further defenses include all those allowed by federal and local statutes and applicable common law, which may become apparent as discovery is conducted.

WHEREFORE, Defendants request the Court to dismiss the action, award attorneys' fees and costs of defense to Defendants, and grant Defendants additional relief as may be appropriate in the circumstances.

DATED: Capitol Hill, Saipan, August 29, 2005.

CARLSMITH BALL LLP

_____
DAVID LEDGER
JOHN D. OSBORN
Attorneys for Defendants
American Overseas Marine Corporation
and General Dynamics Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of August 2005, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANTS' ANSWER TO COMPLAINT and DEMAND FOR JURY TRIAL** upon the following Counsels of record:

> William M. Fitzgerald, Esq.
> Law Office of William M. Fitzgerald
> 1st Floor, Macaranas Building
> Post Office Box 909
> Saipan, MP 96950

and

> Bruce Berline, Esq.
> Law Office of Bruce Berline
> 1st Floor, Macaranas Building
> Post Office Box 5682 CHRB
> Garapan, Saipan MP 96950

DATED: Capitol Hill, Saipan, August 29, 2005.

_____
JOHN D. OSBORN