CARLSMITH BALL LLP

DAVID LEDGER (CNMI Bar No. F0195)
Carlsmith Ball LLP Building
Capitol Hill
Post Office Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendants
American Overseas Marine Corporation
and General Dynamics Corporation

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KENNETH COUTURE,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN OVERSEAS MARINE CORPORATION and GENERAL DYNAMICS CORPORATION,<br><br>    Defendants. | CIVIL ACTION NO. CV05-0024<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR INTERROGATORIES; VERIFICATION; CERTIFICATE OF SERVICE |

Defendants' hereby respond to Plaintiff's First Set of Request for Interrogatories as follows:

**INTERROGATORY NO. 1:** Identify all persons who witnessed Plaintiff Couture injure his hand on or about March 25, 2004 while on board the Vessel.

**RESPONSE TO INTERROGATORY NO. 1:** Plaintiff reported that he went to the pipe rack by himself, and that no one witnessed the injury he sustained at the pipe rack.

4837-9368-4224.1.053276-00011

EXHIBIT
I

**INTERROGATORY NO. 2:** Identify all persons who have any knowledge regarding the incident.

**RESPONSE TO INTERROGATORY NO. 2:** Defendants object to this interrogatory on the grounds that it is overly broad and requires speculation on the part of Defendants. It is overly broad because, conceivably, every crewman serving on board the LUMMUS at the time of the incident may have heard about it and have some "knowledge". Likewise, it is conceivable that Plaintiff's family and friends "have knowledge". Subject to this objection, Medical Officer Karl Englehart, Chief Mate Peter Kirk, the Captain and 1st. Assistant Engineer Charles Martin Smith were informed of the incident. Plaintiff would know the identities of others he may have told. In addition, Defendants' management and insurance personnel at Defendants' home office have knowledge, as well as Defendants' mutual insurance association. As to requiring speculation, Defendants have no idea of the number or identity of all the people Plaintiff may have told about the incident. Subject to both objections, several of the documents disclosed in initial disclosures and in discovery contain names of people with knowledge of the incident. For example, the crew list, AMSEA's Report of Injury, Plaintiff's report of injury, and the USCG Form 2692. Additionally, all medical care providers Plaintiff received treatment from would have knowledge. Last, please refer to *Plaintiff's* answer to *Defendants' Interrogatory* no. 3.

**INTERROGATORY NO. 3:** Identify all persons who have, or had, an ownership interest in the Vessel at the time of the incident.

**RESPONSE TO INTERROGATORY NO. 3:**

**INTERROGATORY NO. 4:** Identify Plaintiff's employer at the time of the Incident.

**RESPONSE TO INTERROGATORY NO. 4:** American Overseas Marine Corporation.

**INTERROGATORY NO. 5:** State all facts that support your contention, as set forth in your answer to Plaintiff's Complaint at page 5, that Plaintiff Couture's injuries were either caused or contributed to by Plaintiff's own negligence and/or comparative fault.

**RESPONSE TO INTERROGATORY NO. 5:** Objection. This interrogatory calls for premature disclosure of attorney mental impressions and disclosure of expert opinion testimony. The facts of the incident well are well known to Plaintiff. Subject to the objection and the right to supplement this answer, Plaintiff admitted that the work area was in good order, and that neither the vessel or any other person played any part in causing the accident.

**INTERROGATORY NO. 6:** Identify all person's who may support your contention, as set forth in your answer to Plaintiff's Complaint at page 5, that Plaintiff Couture's injuries were either caused or contributed to by Plaintiff's own negligence and/or comparative fault.

**RESPONSE TO INTERROGATORY NO. 6:** The answer to this interrogatory depends, in part, on expert witness opinion, which Defendants have not yet obtained. If lay testimony will also be offered to support the contention, Defendants will supplement the answer to this interrogatory. For example, other crewmen may likewise confirm, as Plaintiff has, that the work area was in good order, and that neither the vessel or any other person could have played any part in causing the accident.

**INTERROGATORY NO. 7:** Identify all persons who ordered or instructed Plaintiff Couture to modify a particular communication system on the Vessel on or about March 25, 2004 including the cutting of a section of pipe needed for the modification.

**RESPONSE TO INTERROGATORY NO. 7:** Plaintiff reported that it was 1st. Assistant Engineer, Charles Martin Smith.

**INTERROGATORY NO. 8:** Identify all persons who have conducted any type of safety inspection of the Vessel in the last 5 years.

**RESPONSE TO INTERROGATORY NO. 8:** Defendants object to this interrogatory on grounds that it is overly broad as to scope and time frame, and vague and ambiguous in that any number of "safety inspections" not concerning the pipe rack in particular are routinely carried out. Subject to the objection, if there is a record of a safety inspection of the pipe rack,

Defendants will supplement this answer to provide such information.

**INTERROGATORY NO. 9:** State each and every fact which supports your contention that Plaintiff's injuries were either caused or contributed to by third persons over whom Defendants have no control or right of control, thus barring this action against Defendants as set forth in your answer on page 5.

**RESPONSE TO INTERROGATORY NO. 9:** At this time, none.

**INTERROGATORY NO. 10:** State each and every fact which supports your contention that Plaintiff's damages were caused solely by the negligent superseding acts of the Plaintiff and/or other persons and circumstances over which Defendant had no control or right of control as set forth in your answer on page 5.

**RESPONSE TO INTERROGATORY NO. 10:** With regard to acts by Plaintiff, see answers to Interrogatories 5 and 6. With regard to acts attributable to other persons, none at this time.

**INTERROGATORY NO. 11:** State each and every fact which supports your contention that Defendants have a defense based on the doctrine of waiver.

**RESPONSE TO INTERROGATORY NO. 11:** At this time, none.

**INTERROGATORY NO. 12:** State each and every fact which supports your contention that Defendants have a defense based on the doctrine of estoppel.

**RESPONSE TO INTERROGATORY NO. 12:** At this time, none.

**INTERROGATORY NO. 13:** State each and every fact which supports your contention that Defendants have a defense based on the doctrine of unclean hands.

**RESPONSE TO INTERROGATORY NO. 13:** At this time, none.

**INTERROGATORY NO. 14:** State each and every fact which supports your contention that Defendants have a defense based on the statute of limitations.

**RESPONSE TO INTERROGATORY NO. 14:** At this time, none.

**INTERROGATORY NO. 15:** State each and every fact which supports your contention that Defendants have a defense based on the doctrine of assumption of risk.

**RESPONSE TO INTERROGATORY NO. 15:** See answers to Interrogatories 5 and 6.

**INTERROGATORY NO. 16:** Describe any and all administrative remedies which you contend Plaintiff should have exhausted in this matter.

**RESPONSE TO INTERROGATORY NO. 16:** At this time, none.

**INTERROGATORY NO. 17:** State each and every fact which supports your contention that Plaintiff has failed to exhaust administrative remedies.

**RESPONSE TO INTERROGATORY NO. 17:** At this time, none.

**INTERROGATORY NO. 18:** Specifically in detail describe each and every duty that you admit to owing Plaintiff in your Answer to Plaintiff's Complaint on page 4.

**RESPONSE TO INTERROGATORY NO. 18:** The standard of care owed is ordinary care under the circumstances.

**INTERROGATORY NO. 19:** State in detail what either Defendant could have done to prevent the Accident from happening, in other words, what could the Defendants have done to prevent the pipe from falling from the pipe rack.

**RESPONSE TO INTERROGATORY NO. 19:** Plaintiff has admitted the work area was in good order, and that neither the vessel nor any person, or the weather, played any part in causing the accident. Thus, the employer met the standard of ordinary care under the circumstances.

**INTERROGATORY NO. 20:** Please describe in detail all maintenance payments made to Plaintiff Couture as a result of him being injured in the incident including the date of each payment, the amount of each payment, what the payment was for, and for what period of time the payment was meant to cover.

**RESPONSE TO INTERROGATORY NO. 20:** Please refer to *Plaintiff's* answer to *Defendants* interrogatory no. 19 and to documents provided by Defendants in initial disclosures and in discovery.

**INTERROGATORY NO. 21:** Please describe in detail all cure payments made to Plaintiff Couture as a result of him being injured in the incident including the date of each payment, the amount of each payment, what the payment was for, and for what period of time the payment was meant to cover.

**RESPONSE TO INTERROGATORY NO. 21:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous - "cure" payments are payments to medical care providers, and thus not meant to cover a "period of time." Also, since Plaintiff has admitted he made no out-of-pocket payments for medical care as result of the incidents alleged in the complaint, the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objection, Defendants refers Plaintiff to all medical records produced in disclosures and discovery.

**INTERROGATORY NO. 22:** Please describe in detail all end of voyage wages made to Plaintiff Couture as a result of him being injured in the incident.

**RESPONSE TO INTERROGATORY NO. 22:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous as to "end of voyage wages." Please refer to *Plaintiff's* answer to *Defendants* interrogatory no. 19 and the Seaman Pay Vouchers provided in initial disclosures and discovery. According to our understanding of Plaintiffs answers to Defendants' interrogatories, Plaintiff has received all wages and maintenance to which he is entitled.

**INTERROGATORY NO. 23:** Identify all persons who will support your contention that the Vessel was seaworthy at the incident.

**RESPONSE TO INTERROGATORY NO. 23:** Plaintiff admitted the work area was in good order, and that neither the vessel nor crew played any part in causing the accident. Additionally, Defendants intend to designate an expert to so testify. It is expected that other crewman, including some named above and some yet to be identified, will echo Plaintiff's description of the work area and the vessel being in good order, safe and seaworthy.

**INTERROGATORY NO. 24:** Describe in detail all instances, in the last 5 years, where you discussed in any way the subject of storing pipes in the pipe rack that is the subject of this lawsuit or the pipe rack itself during any type of safety meeting, briefing, or discussion.

**RESPONSE TO INTERROGATORY NO. 24:** Defendants object to this interrogatory on grounds that it is overly broad as to scope and time frame and vague and ambiguous in that any number of such "discussions" may have occurred. Further objection is made on grounds that such post-incident discussion, to the extent concerning remedial measures, would be inadmissible as evidence under Rule 407; said another way, not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 25:** As a result of the Plaintiff's injury, describe in detail all replacement wage or income payments, workers compensation benefits, maintenance and cure, disability payments, or any other like compensation or payments which AMSEA has paid Plaintiff, including the date of each payment, the amount of each payment, what the payment was for, and for what period of time the payment was meant to cover.

**RESPONSE TO INTERROGATORY NO. 25:** Defendants object to this interrogatory on grounds that it is redundant and, to some extent, not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has admitted receiving all maintenance and wages due him, and that AMSEA paid all of his medical bills ("cure"). Both maintenance and cure

1  payments have been referred to in other interrogatories and the answers thereto, as well as in
2  initial disclosure and discovery documents.

4  **INTERROGATORY NO. 26:** If you contend that you did not have control over the pipe rack
5  involved in the incident, identify the persons who did have such control.
6  **RESPONSE TO INTERROGATORY NO. 26:** Defendants do not contend they lacked
7  control over the pipe rack.

   DATED: January 19, 2006.

CARLSMITH BALL LLP

*[signature]*

DAVID LEDGER
Attorneys for Defendants
American Overseas Marine Corporation
and General Dynamics Corporation

4837-9368-4224.1.053276-00011              8.

## VERIFICATION

)
)
)

I, Tammy Ducharme, am the Chief of Insurance & Claims of American Overseas Marine Corporation, and have been authorized by American Overseas Marine Corporation to make this verification.

I have read the foregoing answers and objections to PLAINTIFF'S FIRST SET OF INTERROGATORIES and, to the best of my knowledge, the information stated therein is true and correct. The information necessary to prepare said responses was obtained from records maintained by American Overseas Marine Corporation and elsewhere.

I declare under penalty of perjury that the foregoing is true and correct and this verification was executed on this 18 day of January 2006.

_____
TAMMY DUCHARME
Chief of Insurance & Claims
American Overseas Marine Corporation

4837-9368-4224.1.053276-00011                 9.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of January 2006, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF REQUEST FOR INTERROGATORIES; VERIFICATION** upon the following Counsels of record:

> William M. Fitzgerald, Esq.
> Law Office of William M. Fitzgerald
> 1st Floor, Macaranas Building
> Post Office Box 909
> Saipan, MP 96950

and

> Bruce Berline, Esq.
> Law Office of Bruce Berline
> 1st Floor, Macaranas Building
> Post Office Box 5682 CHRB
> Garapan, Saipan MP 96950

DATED: January 19, 2006.

_____
DAVID LEDGER

4837-9368-4224.1.053276-00011

10.