

LAW OFFICE OF
# WILLIAM M. FITZGERALD

Email: erin.law@saipan.com

P. O. Box 500909 • 2nd Fl. Macaranas Bldg. • Garapan Beach Road • Saipan, MP 96950 • Tel: (670) 234-7241 • Fax: (670) 234-7530

February 26, 2007

*Via Facsimile No. (671) 477-4375*
David Ledger, Esq.
CARLSMITH BALL LLP
134 West Soledad Avenue
Bank of Hawaii Building, Suite 401
Hagatña, Guam 96932

Re:   *Couture v. American Overseas Marine Corp., et al.*
      NMI Dist. Ct. Case No. CV05-0024

Dear David:

I rarely, if ever, ask for sanctions. Your recent motion for summary judgment, however, leaves me no choice but to demand that you immediately withdraw your motion or we will reluctantly file a motion for sanctions.

You answered the complaint without challenging jurisdiction and represented to both, the court and plaintiff, that your client was the proper party, and in formally filed initial disclosures, you provided us with the name of the insurance company, which had issued a personal injury policy to cover the plaintiff's claims. A representative of your client verified, under oath, that she was in charge of resolving injury claims, like the plaintiff's, and did so for twenty-seven different vessels. After three years of litigating, to bring the motion that you did, is the most egregious example of bad faith that I have seen. If ever there was a case of equitable and/or judicial estoppel, this is it.

I have already spent four hours going through the foot high pile of documents you attached to your motion, and will request compensation for these hours, as well as additional hours that I will need to respond to what is on its face patently frivolous.

The self-serving declaration of Tom Merril is irrelevant and filed solely to mislead or obfuscate. Neither his declaration nor your memo refers to any specific provision of the time charter between your client and the U.S.

EXHIBIT M

LAW OFFICE OF WILLIAM M. FITZGERALD

David Ledger, Esq.
February 26, 2007
Page 2

    Your clients, both, AMSEA and the P&I Club, are experienced in admiralty litigation and know that the issue of control is specifically addressed in the written agreement between your client and the U.S., and that this agreement created a time charter explicitly reserving control of the vessel to your client.

Article 35 Charter not a Demise.

    Nothing herein contained shall be construed as creating a demise of the vessel to the charterer; the contractor (your client) shall at all times retain **complete and exclusive possession and control of the vessel** and its navigation.

    The fact that the U.S. gives orders to your client about where to go and what cargo to carry is irrelevant. It seems absurd that I could time charter a vessel and not be permitted to tell that vessel where to go or what to carry.

    It is undisputed from the written documents, insurance policy, sworn testimony and judicial admissions that the intention of both parties was an arrangement whereby AMSEA would be responsible for crew injuries.

    I hope, therefore, that you will withdraw your motion, which offends the basic concept of full, fair and honest disclosure, explicit in the federal rules.

Sincerely yours,

WILLIAM M. FITZGERALD