CARLSMITH BALL LLP

DAVID LEDGER (CNMI BAR NO. F0195)
Carlsmith Ball LLP Building
Capitol Hill
Post Office Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendants
American Overseas Marine Corporation
and General Dynamics Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KENNETH COUTURE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AMERICAN OVERSEAS MARINE CORPORATION and GENERAL DYNAMIC CORPORATION,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. CV05-0024<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE TO CONDUCT ADDITIONAL DISCOVERY PURSUANT TO FED.R.CIV.P. 56(E); CERTIFICATE OF SERVICE**<br><br>**HEARING DATE: MARCH 15, 2007**<br>**TIME: 10:00 A.M.** |

I.   **INTRODUCTION**

Defendants American Overseas Marine Corporation and General Dynamic Corporation oppose the continuance of the summary judgment proceedings to conduct additional discovery sought by Plaintiff Kenneth Couture. In seeking a continuance to conduct further discovery on the issues presented in Defendants' Motion for Summary Judgment, Plaintiff failed to demonstrate sufficient facts to show that the evidence sought to be discovered exists, and that it would prevent summary judgment. Plaintiff's motion for a continuance should therefore be

4835-7090-3297.2

denied.

## II. BACKGROUND

On February 1, 2007, Defendants timely filed a Motion for Summary Judgment on the grounds that the Public Vessels Act ("PVA") and the Suits in Admiralty Act ("SIAA") bar the action against Defendants as agents of the United States. On March 1, 2007, Plaintiff filed a Motion for Continuance to Conduct Additional Discovery, claiming that additional time is necessary to conduct discovery under Rule 56(e) for the issues presented in Defendants' Motion. This claim for additional time lacks merit.[1]

## III. LEGAL DISCUSSION

In moving for a Rule 56 continuance, the party seeking additional discovery has the burden to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920 (9th Cir. 1996). Here, Plaintiff must submit declarations establishing what information is sought and how it would prevent summary judgment.

In his Motion for a Continuance, Plaintiff claims to seek discovery on the "issues pertinent to opposing Defendants' motion for summary which Defendant has "withheld" for nearly two years." Defendants have not "withheld" any information from Plaintiff; in contrast, Plaintiff has not been diligent or complete in discovering the PVA and SIAA defenses and

---

[1] In considering the timing issued involved here, in particular Plaintiffs claim that he suddenly needs more time, the Court should be aware that on January 8, 2007, **three (3) weeks prior to actually filing the motion on February 1, 2007,** Defendants provided the motion to Plaintiff as an incentive to reconsider his then existing settlement position. (See Exhibit L to Plaintiffs motion for sanctions). Though Thom Merrell's name appears prominently in the motion, Plaintiff undertook no discovery of Mr. Merrell notwithstanding Defendants offer to make him available for immediate discovery. Furthermore, upon receipt of Defendants January 8, e-mail transmitting the motion (Exh. L to plaintiff's motion for sanctions), Plaintiff served a request for documents, i.e., the charter agreements and the MSC Operations manual, which were promptly provided. Yet, Plaintiff undertook no follow-up discovery which he now belatedly claims is necessary to oppose the motion. Finally, Plaintiff can not claim that his delay in responding to these prompt disclosures of information and documents was a result of his actually considering Defendants' January 8, 2007 proposal to reconsider settlement, given Plaintiff's current position that such offer was flatly rejected.

4835-7090-3297.2                              -2-

whether or not supporting facts exist. Plaintiff never posed interrogatories to Defendants to request a statement of facts in support of certain defenses Defendants plead at the inception. In particular, why the Complaint failed to state a claim upon which relief may be granted against Defendants (*See* Defendants' Answer, Defense No. 1), and all defenses allowed by federal and local statutes and applicable common law, which may become apparent as discovery is conducted (*See* Defendants' Answer, Defense No. 10).[2] Had Plaintiff done so, Defendants would have been obligated to reveal (1) the defenses of the bar created by federal statutes, the PVA and the SIAA, and common law cases citing those statutes; and (2) all facts supporting such defenses. Had plaintiff done so and not been provided with a list of supporting facts, then Plaintiff could have moved to strike the defenses or simply requested that the defenses be dropped.[3] Plaintiff did neither, perhaps on the incorrect assumption that these defenses were little more than rote statements. That Plaintiff was fully aware of and able to conduct discovery to ferret out weak defenses, as well as to discover good ones, is shown by the fact that with regard to all other defenses plead in the Answer, Plaintiff posed interrogatories asking for facts in support of those defenses. Defendants in turn answered all such interrogatories, candidly admitting where appropriate, that there are no facts to support certain defenses. Plaintiff had the obligation to discover the substance of ***each*** of Defendants' defenses plead in the Answer, including failure to state a claim and defenses available under federal maritime statutes. Plaintiff posed no such discovery requests and therefore should not be allowed at this late juncture to further delay the briefing on the dispositive motions in order to play catch up.[4] Plaintiff's

---

[2] Defense No. 10 refers specifically to ***defenses available under federal statutes and applicable common law.***

[3] Had Plaintiff posed such interrogatories and not received truthful answers, then Plaintiff's allegation that Defendants have "withheld" information would have a ring of truth to it.

[4] It is unclear whether or not Plaintiff's claim of "withholding" goes to the motion itself. If it does, this is rather disingenuous. First, Plaintiff has cited no authority which compels a party to file a motion any

4835-7090-3297.2                                        -3-

hyperbolic claim that Defendants "withheld" information Plaintiff never asked for is a ruse to obscure the oversight in failing to pose the necessary interrogatories.

Additionally, Plaintiff claims he must conduct discovery to establish whether he is able to relate back any claims he may have to bring against the United States in order to amend his complaint. At this point, Defendants have no position on that issue and in any case it is separate and distinct from the issue of whether or not summary judgment is warranted. If summary judgment is granted then Plaintiff apparently will assert his relation-back arguments and they will be dealt with at that time. Such discovery would improperly delay a decision on summary judgment because the discovery of information that would establish a claim against the United States has no relationship to whether or not summary judgment should be granted on the PVA and SIAA issues.

Plaintiff also claims he is entitled to investigate why the Defendants are suddenly using the USNS designation - as in USNS 1st. Lt. JACK LUMMUS - because it implies ownership by the United States. Such information has no bearing on Defendants' Motion for Summary Judgment. The present and correct designation of the vessel is irrelevant in light of the evidence that it is not the vessel's designation that matters in this PVA or SIAA analysis, but rather the operational control exerted by the United States Government. Defendants have not asserted U.S.

---

sooner than the dispositive motion deadline. Likewise, Plaintiff has cited no authority which compels a moving party to disclose reasons for deciding whether or not to file and if so when. Of course such information need not be disclosed to the opposing party. Plaintiff's contention that he was "mislead" into spending money only to see a "late bad faith" motion seeking to dismiss his case fails to account for the fact that Defendants elected to incur substantial fees and costs prior to filing a dispositive motion. To suggest that Defendants made the decision they did to simply mislead is more than a little untrue. As noted in this pleading, Plaintiff did nothing to discover defenses plead, one of which clearly referenced failure to state a claim and the other federal statutes providing a defense. Second, with regard to "withholding" the motion until the February 1, 2007 motion deadline, Plaintiff understandably overlooks an important point: when Defendants sought a trial continuance, the motion deadline was less than a month away. However, neither in conjunction with, nor as a basis for, the trial continuance did Defendants *request or propose that the dispositive motion deadline be extended.* Rather, it is recalled that when the Court on its own initiative proposed extending the motion deadline from October 19, 2006 to February 1, 2007, Plaintiff readily agreed thereby opening the door for the motion they now contend is somehow filed late and in bad faith.

4835-7090-3297.2                                              -4-

government ownership of the vessel at the time of the injury in March 2004. Rather, there is no dispute that in March 2004 the vessel was designated as M/V 1st Lt. JACK LUMMUS and that the Time Charter and Bareboat Charter produced in discovery unequivocally speak to ownership. The change in circumstances since March 2004 resulting in the USNS designation have no bearing on any summary judgment issue now before the Court.

Plaintiff also seeks to discover information pertaining to ownership of the vessel. Again, Defendants' PVA and SIAA arguments are not based on ownership but rather relate to the U.S. military's operational control of the vessel. Defendants have not asserted that the U.S. military owns the LUMMUS.

Moreover Plaintiff seeks to discover exhibits pertaining to the applicability of the SIAA, however, he has not identified which documents he seeks. Defendants' motion clearly explains why and how Defendants believe the SIAA applies in this instance. The "exhibit" on which the motion is primarily based is already attached to the motion, that is, the MSC Standard Operating Manual.[5] Plaintiff therefore fails to establish the existence of any documents that would dispute those proffered by Defendants.

Finally, Plaintiff seeks to depose Thom Merrell and to re-depose Capt. David Hagner, Master of the vessel, and the vessel's Chief Mate Peter Kirk to dispute that the United States has operational control over the LUMMUS. Mr. Merrell's sworn declaration is quite clear as to the lengths of operational control exercised by the United States. Mr. Merrell can be counted on to reiterate his sworn declaration in any deposition. Likewise, Plaintiff is naïve if he truly believes Capt. Hagner or Chief Mate Kirk will testify contrary to Mr. Merrell's declaration or in any way

---

[5] It is interesting that while Plaintiff claims the need to "seek exhibits" to oppose the motion, when presented with the exhibit most pertinent to the control issue, the MSC Manual, Plaintiff complains bitterly because the exhibit is voluminous. Furthermore, the Bareboat Charter and Time Charter are likewise exhibits to the motion to which Plaintiff has already cited in his opposition to the summary judgment motion.

undermine it. Furthermore, Chief Kirk takes his orders from Capt. Hagner, whereas it is Capt. Hagner who takes his operational orders from the U.S. Navy. Plaintiff has not identified which other persons would possibly provide testimony contradicting Mr. Merrell. In the circumstances, Plaintiff has failed to establish grounds for a Rule 56 continuance.

### IV. CONCLUSION

Plaintiff has not provided a sound basis which would warrant continuing the summary judgment proceedings. The Court should therefore deny the motion to continue the proceedings.

DATED: Hagåtña, Guam, March 13, 2007.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorneys for Defendant
American Overseas Marine Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, by agreement of Counsel, the following document will be served on the same day Plaintiff files his Motion for Summary Judgment and serves it on Defendants: **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE TO CONDUCT ADDITIONAL DISCOVERY PURSUANT TO FED.R.CIV.P. 56(E); CERTIFICATE OF SERVICE**

Such service will be by hand delivery upon the following Counsels of record:

William M. Fitzgerald, Esq.
Law Office of William M. Fitzgerald
1st Floor, Macaranas Building
Post Office Box 909
Saipan, MP 96950

and

Bruce Berline, Esq.
Law Office of Bruce Berline
1st Floor, Macaranas Building
Post Office Box 5682 CHRB
Garapan, Saipan MP 96950

DATED: Hagåtña, Guam, March 13, 2007.

_____
DAVID LEDGER