**William M. Fitzgerald, Esq.**
**LAW OFFICE OF WILLIAM M. FITZGERALD**
2nd Floor, Macaranas Building
P.O. Box 909
Saipan, MP 96950
Telephone (670) 234-7241
Facsimile (670) 234-7530

**Bruce Berline, Esq.**
**Law Office of Bruce Berline**
2nd Floor, Macaranas Building
P.O. Box 5682 CHRB
Garapan, Saipan, MP 96950
Telephone:  (670) 233-3663
Facsimile: (670) 233-5262

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KENNETH COUTURE, | CV NO. 05-0024 |
| Plaintiff, | |
| v. | **REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE TO CONDUCT ADDITIONAL DISCOVERY PURSUANT TO FED.R.CIV.P 56(e)** |
| AMERICAN OVERSEAS MARINE CORPORATION and GENERAL DYNAMICS CORPORATION, | |
| Defendants. | Date:  March 15, 2007<br>Time:  10:30 a.m.<br>Judge: Munson |

In their opposition, Defendants claim that Plaintiff has not met the standard needed to be given a continuance under Rule 56(f).  "[A] district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment. Thus, the defendants must show (1) that they have set forth in affidavit form the

specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion." *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

Plaintiff has made these showings in his motion and the declaration of counsel supporting the Rule 56(f) motion. Plaintiff states that he needs an opportunity to question AMSEA and Gen Dyn personnel, including Thom Merrell, Captain David Hagner and Chief Mate Kirk in order to show that AMSEA and Gen Dyn has control over the day to day operations of the Vessel. *See* Berline Decl at page 4, ¶ 39. These facts exist because, logically, someone must have day to day operational control over the Vessel and it can be only AMSEA and/or Gen Dyn or the United States. Finally, Plaintiff has shown that the facts that determine who had operational day to day control over the ship is essential to resist the summary judgment motion. There is no dispute that a key element to the application of the SIAA is "who has operational control of a time chartered vessel." Plaintiff's Memorandum at 7; *See also* Berline Decl. at 4, ¶¶ 38 and 39.

Moreover, Plaintiff has shown that his need for this discovery is based solely on Defendants' bad faith litigation tactics in withholding discovery in violation of both the spirit and black letter law of the Federal discovery rules. *See* Plaintiff's Motion for Sanctions. Accordingly, Plaintiff's request is made in good faith.

Incredibly, Defendants oppose Plaintiff's Rule 56(f) motion on the basis that Plaintiff was not diligent about forcing Defendants to reveal their defense based upon PVA and SAA. The Defendants state that they "have not 'withheld' any information from Plaintiff; in contrast Plaintiff has not been diligent or complete in discovering the PVA and SAA defenses and whether or not supporting facts exist." See Defendant's Memorandum at 2-3. Defendants further state that "had Plaintiff [posed the proper discovery to Defendants], Defendants would have been obligated to (1) reveal the defenses of the bar created by federal statutes the PVA and the SIAA. . ." *Id*. at 3. In other words, they admit that they intentionally withheld this information from Plaintiffs.

Clearly, Defendants knew about the alleged PVA and SIAA defenses since the beginning of this matter. Just as clear is the fact that Defendants intentionally hid these potential defenses from Plaintiff, consciously choosing to cloak them in vague language such as ""all defenses allowed by federal and

1 local statutes and applicable common law, which may become apparent as discovery is conducted" instead of candidly disclosing them to Plaintiff. *See* Defendants' Answer at page 5 attached as Exhibit E to the Berline Decl. filed in support of Plaintiff's Motion for Sanctions Against Defendants Pursuant to Fed.R.Civ.P. 37(c)(1).

What is worse is that the Defendants, a huge defense contractor with tremendous resources, vigorously litigated against the Plaintiff, a mere seaman, for nearly two years until the statute of limitations ran out on the PVA and the SIAA, before filing their summary judgment on the last day of the filing deadline. With the exception of the cursory use of Plaintiff's interrogatories, answered by Plaintiff on November 11, 2005, Defendants' entire motion for summary judgment is based on documents and evidence that were solely and exclusively in the Defendants' possession since the beginning of the litigation. Documents and other evidence that was withheld from Plaintiff in violation of the discovery rule and never disclosed to Plaintiff until January 8, 2007. In other words, Defendants did not need even a shred of evidence collected over the two years of litigation via written discovery and depositions in order to bring this summary judgment. However, the fact remains that the Defendants waited until the statute of limitations ran on the very statutes they claim hold Plaintiff's exclusive remedy. This is the very definition of bad faith!

Because Plaintiff has made a sufficient showing of needed facts that are available through additional discovery, this Court should grant Plaintiff Motion for a Continuance if this Court feels that Defendants' Motion for Summary Judgment has any merit whatsoever.

Dated this 15th day of March, 2007

       /s/ Bruce Berline
BRUCE BERLINE
WILLIAM M. FITZGERALD
Attorneys for Plaintiff