F I L E D
Clerk
District Court

MAR 1 9 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KENNETH COUTURE,<br><br>            Plaintiff,<br><br>        vs.<br><br>AMERICAN OVERSEAS MARINE<br>CORPORATION, et al.,<br><br>            Defendants. | Case No. CV-05-0024<br><br>**NOTICE OF ORDER:**<br>**(1) DENYING SUMMARY JUDGMENT;**<br>**and**<br>**(2) DENYING MOTION FOR**<br>**CONTINUANCE** |

This matter came before the court on March 15, 2007, on defendants' motion for summary judgment and plaintiff's motion for continuance of defendants' summary judgment motion. *See* Defendant's Motion For Summary Judgment, No. 36 (Feb. 1, 2007); Plaintiff's Motion For Continuance to Conduct Additional Discovery Pursuant to Fed. R. Civ. P. 56(e), No. 44 (Mar. 1, 2007). Attorneys Bruce L. Berline and William M. Fitzgerald appeared on behalf of the plaintiff; attorney David P. Ledger appeared on behalf of the defendants.

The court, having considered the arguments of the parties, **DENIED** defendants' motion for summary judgment and **DENIED** plaintiff's motion for a continuance as moot.

Pursuant to Federal Rule of Civil Procedure 56(c), the court may enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of establishing that there is no genuine issue of material fact. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir. 1978). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] ruling on a motion for summary judgment . . . ." *Anderson*, 477 U.S. at 255. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* Once the moving party has met this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Defendants contend that they are not the proper parties in this lawsuit because the plaintiff's exclusive remedy is against the United States of America ("United States") under the Public Vessel Act ("PVA") or the Suits in Admiralty Act ("SAA"). Defendants argue that the vessel 1st Lt. Jack Lummus ("the Lummus") was under total federal government control and under those circumstances, plaintiff's exclusive remedy is against the United States.

The PVA waives the immunity of the United States for suits "for damages caused by a public vessel of the United States." 46 U.S.C. Appx. § 781. While the Lummus is a privately owned vessel, it may be considered a "public vessel" under the PVA if it was controlled and operated by the United States. *See Williams v. Central Gulf Lines*, 874 F.2d 1058, 1060 (5th Cir. 1989); *see also United States v. United Continental Tuna Corp.*, 425 U.S. 164, 174 (1976).

Here, the Lummus was under time charter to the United States during the alleged injury. Article 35 of the Time Charter states: "Nothing herein contained shall be construed as creating a demise of the [Lummus] to the Charterer; the Contractor shall at all times retain complete and exclusive possession and control of the [Lummus] and its navigation." Furthermore, the United

States did not actually exert operational control over the Lummus. While the defendant relies on the fact that the United States directs the movement and cargo operations of the Lummus, such direction is not equivalent to the owner's control of the vessel and its crew. *See Alexander v. United States*, 63 F.3d 820, 822-23 (9th Cir. 1995). Accordingly, like the S/S Bay in *Central Gulf Lines*, the Lummus is not a "public vessel" as the term is used in the PVA.

Under the SAA, the exclusivity provision barring plaintiff's claim against defendants may only apply when the United States has waived immunity and "'a traditional admiralty claim' could have been stated against the United States." *Central Gulf Lines*, 874 F.2d at 1061. "Under traditional admiralty principles an injured seaman cannot sue a time charterer unless the seaman can show either the time charterer had enough control of the vessel to render it the owner *pro hac vice*, *Williams*, 874 F.2d at 1062, or the time charterer was actively negligent."[1] *Alexander*, 63 F.3d at 822. The United States, however, as the time charterer is not the owner *pro hac vice*. Furthermore, as explained above, the United States did not actually exercise control of the vessel.

**ACCORDINGLY**, for the forgoing reasons, the court **DENIED** defendants' motion for summary judgment.

**IT WAS SO ORDERED.**

**DATED** this _____*19*ᵀᴴ_____ day of March, 2007.


_____
ALEX R. MUNSON
Judge

---

[1] The defendants did not address the issue of whether the United States was actively negligent.

3